Chief Justice Robertson
delivered the Opinion of the Court.
Three questions are presented in this case: first — was there an issue on a plea of justification? second — did the Circuit Court err in refusing to permit the counsel for the defendant in the action (appellant here) to open and conclude the argument before the jury? and third — were- • the damages assessed by the jury so excessive as to have entitled'the appellant to a new trial?
Plea not filed but replied to, is" Sue taken, and a jury sworn to try theissues, tho’ there was- only. Pilé other issue: an order 'of filing the plea, made nunc pro tuna after the trial. Was proper; and cirres the errror-.
A plea of justifientitle the^efendantto theopendmg^frgumelTC when he adduces port™? his ^ fence-
This Court candamag^are^xcessive,when the contain the8 ev? denoe-
T , . .. In certain actions oftrespass(asfor bnea.t™.|. ?,ave of of damages is not friab-uS^sthey are so excessive dic^rpassioVof prejudice.
First. The action was for a battery upon the slave Of the appellee. The appellant pleaded not guilty, and son assault. An appropriate replication was written, an issue concluded on the special plea, the court notified of the fact,' and the jury sworn to try the issues. But the clerk having omitted to make an eh try of the filing of the replication, the Court, after the verdict had been retailed, directed the entry to be made nimc pro tunc. This was proper; and no purpose of honest pleading or of fair trial will permit the appellant to take advantage of an accidental omission to enter before the trial, the filing of the replication upon which he had taken issue and gone to trial, and which therefore was afterwards formally entered by the direction of the Court.
Second. As the appellant made no pfoof which, upon any rational or legal interpretation of the facts, could have authorized the deduction that there had been any thing like a shadow of justification, the Court had a right, in the exercise of a sound judicial discretion and of a salutary supervisional control, to withhold from him an advantage sought improperly, by perverting the technical right of defence, by a legal plea. And therefore, as no injury or injustide can have been sustained, no error has, in this respect, been committed.
Third. The alleged excessiveness of the damages does not entitle the appellant to a new trial for two reasons: jfirst — the bill of exceptions does not exhibit, or purport to contain, any of the evidence except that of one of the witnesses for the appellant, exhibited for the purpose, as expressly stated, of showing the ground on which the right of opening the argument was claimed by him» And, of course, this Court cannot know, and should not 7 ; presume that the damages were excessive* Second. In such an action, mere excessiveness of damages will not entitle a party to a new trial, unless it be so enormous as, per se, to indicate passion or prejudice in the assessment.
Wherefore, the judgment must be affirmed with costs and damages.