HARVARD LAW SCHOOL LIBRARY

---

## LUCIUS A. ALDRICH v. CYRUS PALMER, EDWIN T. KING, W. H. HOWLAND, AND HORACE B. ANGELL.

NEW TRIAL.—The discovery of new evidence which is merely cumulative affords no ground for a new trial.

ERROR NOT PRESUMED.—Where the record does not contain the instructions of the Court below, the presumption will be that the law applicable to the facts was correctly given to the jury.

DAMAGES IN PERSONAL TORTS.—In actions for personal torts, the law does not fix any precise rule of damages, but leaves their assessment to the unbiassed judgment of the jury.

EXCESSIVE DAMAGES.—In such cases, the Court will not disturb the verdict of a jury on the ground that the damages are excessive, unless the amount of damages is so disporportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool dispassionate consideration of the jury.

APPEAL from the Twelfth Judicial District Court, City and County of San Francisco.

The complaint averred that from January, 1860, hitherto, the defendants had been engaged in carrying on the business of iron founders and machinists, and that about December 12th, 1860, defendants caused a certain large iron shaft of great weight to be placed upon trestles and supports in a careless, insecure, and dangerous position in the immediate proximity of plaintiff, who was then employed about other business of defendants at their special instance and request; that the defendants attempted to move and did move the same in so negligent and careless a manner that it fell on plaintiff's foot,

by means whereof the foot was fractured, broken, and bruised, etc.

The answer denied all the allegations of careless negligence or wrong on the part of defendants, and averred that the injury was caused by the carelessness, negligence, and want of ordinary prudence of plaintiff, etc.

The jury found a verdict for plaintiff for two thousand two hundred and fifty dollars, for which sum judgment was rendered.

Defendants appealed from the judgment and from the order denying a new trial.

*F. M. Pixley*, for Appellants.

The rule regulating the obligation between master and servant is, the servant has no remedy against his employer for accidents occurring in the course of his employment which are not induced by the carelessness or improper conduct of the employer. If the servant contributes to the accident by his own negligence or carelessness, he cannot recover against the master unless for his gross or criminal negligence. The proof of unskilful conduct or negligence lies with the plaintiff. If the injury happens from unavoidable accident, no one is liable.

The servant takes the risk of his employment, and is presumed to know and understand the perils of the position to which he hires; his compensation is adjusted accordingly. An employer is not responsible to a servant for an injury incurred by the act of another servant in the same employ, unless the master has hired an incompetent and improper person, and placed him in a position where his negligence or unskilfulness directly occasions the injury.

A servant is presumed to be in the enjoyment of all his senses, and must exercise ordinary precaution and reasonable care in preventing an accident, and in taking care of himself. (4 Edition Cowen's Treatise, 193; 5 Carr & Payne, 379; 6 Carr & Payne, 23; 19 Wend. 400; 1 Cal. 366; 21 Wend.

615–18 ; 6 Hill, 592 ; 18 New York, 540 ; 4 Metcalf, 49, 57 ; 8 Wend. 473 ; 6 Cal. 210.)

*Shafters, Heydenfeldt & Goold*, for Respondent.

By the Court, SANDERSON, C. J.

This is an action brought to recover damages for personal injuries alleged to have been sustained by the plaintiff while in the employment of the defendants, through their carelessness, negligence, and unskilful management. The case was tried by a jury, who found a verdict in favor of the plaintiff for the sum of two thousand two hundred and fifty dollars. The defendants move for a new trial upon the following grounds : First—Newly discovered evidence ; Second—The verdict is against law and evidence ; Third—Excessive damages, appearing to have been given under the influence of passion or prejudice.

In support of the first ground several affidavits were read. The new evidence disclosed by the affidavits is merely cumulative, and does not present any facts which were not before the jury at the trial. Where such is the case, as has been repeatedly held, the new evidence affords no ground for a new trial.

As to the second ground, the evidence is conflicting, and the record does not contain the instructions which were given to the jury. In the absence of the instructions, we are bound to presume that the law applicable to the facts of the case was correctly given by the Court. As to the facts, the evidence, as presented to us in the record, is conflicting, as we have already stated ; and where such is the case, this Court has uniformly held that the verdict cannot be disturbed.

Nor, in our judgment, should a new trial be granted upon the ground that the damages are excessive. The testimony clearly shows that by reason of the carelessness, negligence, and unskilful management of the defendants and their employés, the left foot of the plaintiff was seriously and permanently injured ; that in consequence thereof he was for a long

time confined to his apartments under medical treatment, attended with much suffering and pain ; that two of his toes were fractured, and in consequence thereof twice amputated, and two of the others mutilated and thrown out of joint; that at the time of the last amputation great doubt of his recovery was entertained by his surgeon, in consequence of symptoms of *tetanus ;* that for about three months he was unable to walk, and was prevented from attending to his business, which was that of a machinist; that at the end of thirteen months after the injuries were received, he was unable to walk without limping, and, in the opinion of the surgeons who were examined as witnesses, his condition in that respect will never improve ; that the efficiency of his foot, thus disfigured and mutilated, is greatly impaired for the remainder of his life.

In actions for personal torts the law does not attempt to fix any precise rules for the admeasurement of damages, but, from the necessity of the case, leaves their assessment to the good sense and unbiassed judgment of the jury. Their verdict, as in all other cases, is subject to review by the Court, but it will never be disturbed unless the amount of the damages is obviously so disproportionate to the injury proved as to justify the conclusion that the verdict is not the result of the cool and dispassionate consideration of the jury. The leading object of such actions is to obtain reasonable and just compensation for the injury sustained, comprehending both the present and the future. But to ascertain what is a fair and just compensation in such cases, is a judicial problem of difficult, if not impossible, solution. None, however, are more competent to its proper solution than the jury. Hence, the Courts have always sparingly exercised the power of granting new trials in such cases. Where the law furnishes no rule for the measurement of damages, their assessment is peculiarly the province of the jury, and the Court will never interfere with their verdict merely on the ground of excess. Upon such a question the Court has no right to substitute its

opinion for that of the jury, merely because it happens to differ from theirs.

In *Bodwell* v. *Osgood*, 3 Pick. 379, Judge Wilde said: "We do not doubt our power to grant new trials on the ground of excessive damages in cases of personal torts; and when they are clearly excessive and greatly disproportionate to the injury proved, we are bound to interpose. But a strong case must be made out."

"In actions for personal injuries," say the Supreme Court of Illinois, in *McNamara* v. *King*, 2 Gilm. 432, "Courts will not set aside verdicts for excessive damages unless the damages are so excessive as to make it manifest that the jury acted from passion, partiality, or corruption; and to enable the Court to draw this conclusion it is not enough that, in their opinion, the damages are too high, or that much less damages would have been a sufficient satisfaction to the plaintiff."

"In actions of trespass," say the Court of Appeals of Kentucky, in *Vanzant* v. *Jones*, 3 Dana, 464, "a new trial will not be granted on the ground of excess of damages, unless they are so excessive as *per se* to indicate passion or prejudice."

In *Worford* v. *Isbel*, 1 Bibb, 247, which was an action for assault and battery, the Court said: "In cases sounding merely in damages, without any medium of admeasurement, the Court should be very cautious in setting aside a verdict barely for excess. If, in such cases, a new trial is granted for that cause, the rule is that the damages must be such as that all men who hear the circumstances would pronounce the damages outrageously excessive at first blush."

In *Edgell* v. *Francis*, 1 Man. and G. 222, it was said: "To induce the Court to grant a new trial on the ground of excessive damages, it must be shown that they are very excessive, or that a perverted view of the case has been taken by the jury."

Under the rule laid down in the foregoing cases, and numberless others to the same effect which might be cited, we are unable to perceive how it can be seriously contended, in view

of the severe and permanent injuries proven to have been sustained by the plaintiff, that the damages found by the jury in the present case are either outrageous or excessive. In our judgment, no candid man, after a careful perusal of the evidence, would be either shocked or startled at the verdict. The amount of the verdict is not suggestive of either passion or prejudice, or corruption; but, on the contrary, we are fully satisfied from the evidence adduced that the jury have not gone beyond the exercise of a sound discretion.

Judgment affirmed.

Mr. Justice SHAFTER, having been of counsel, did not sit on the trial of this case.