[No. 2164. Decided May 27, 1896.]

FRANKLIN P. SPECK, *Respondent*, v. WILLIAM B. GRAY, *Appellant*.

ACTION FOR CRIMINAL CONVERSATION — WIFE AS WITNESS — DAMAGES.

In an action by a husband for the seduction of his wife, she cannot testify except with the consent of the husband.

The fact that the damages awarded by the jury in actions for the recovery of damages are in a larger amount than the appellate court would have deemed justified is not a sufficient fact to warrant the court in setting aside the verdict for excessive damages, but it must appear that the damages were awarded through passion or prejudice on the part of the jury.

A verdict for $15,000 in an action by a husband for the seduction of his wife and the alienation of her affections will not be deemed so excessive on appeal as to warrant the granting of a new trial, where the evidence shows that the plaintiff and his wife were respectable people, that she was a school teacher and received good wages as such, that plaintiff was a lawyer and had been elected prosecuting attorney and that the relations existing between them prior to the advent of defendant, were cordial, friendly and affectionate.

Appeal from Superior Court, Walla Walla County.—
Hon. WILLIAM H. UPTON, Judge.   Affirmed.

*Richard W. Nuzum*, for appellant.
*N. T. Caton*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This action was brought by the re-
spondent against the appellant for the alleged seduc-
tion of the respondent's wife by the appellant, for the
alienation of the wife's affections, for dishonor and
disgrace suffered by the respondent by reason of such
alienation, distress of mind and body, and the ruina-
tion of his home, and damages were asked in the sum
of $25,000.   The case was tried by a jury and a ver-
dict rendered in favor of the respondent for the sum
of $15,000.

The first controversy involved in this appeal is over
the action of the court in excluding the testimony of
the wife of the respondent, and the larger portion of
the appellant's brief is devoted to a discussion of this
proposition.   Under the decision of this court in *State
v. Halbert, ante,* p. 306, the action of the court in ex-
cluding said testimony must be sustained, and although
the writer of this opinion was opposed to the conclu-
sion reach by the court in that case, yet it was a de-
cision of a majority of this court and must stand as
the law of the state on that subject.

This eliminates from the case the subject of appel-
lant's main contention.   We have examined the in-
structions complained of and think they fairly state
the law on the questions involved in the case; and that
no error was committed by the court in refusing the
instructions asked for by the appellant.   Nor can we
agree with appellant's contention that the testimony

was insufficient to justify the verdict. Without enter-
ing into a discussion of the testimony, it is plain that
there was sufficient testimony offered by respondent,
which, if believed by the jury, would, as a matter of
law, sustain the verdict, although we are not prepared
to say that the jury did not properly weigh the testi-
mony in this case.

It is earnestly insisted by the appellant that the
damages were so excessive that they appear to have
been given under the influence of passion and preju-
dice. This is a question which is constantly coming
before appellate courts, and we think the almost uni-
versal rule is that the fact that the damages awarded
by the jury are in a larger amount than the appellate
court would have deemed justified is not a sufficient
fact to warrant the court in setting aside the verdict
for excessive damages, but that it must further appear
that the damage was awarded through passion or
prejudice on the part of the jury.

In *Vanzant v. Jones*, 3 Dana, 464, the court of ap-
peals of Kentucky decided that a new trial would not
be granted on the ground of excessive damages unless
they were so excessive as *per se* to indicate passion or
prejudice.

In *McNamara v. King*, 7 Ill. 432, the court said that
courts will not set aside verdicts for excessive dam-
ages unless the damages are so excessive as to make
it manifest that the jury acted from passion, partiality
or corruption, and to enable the court to draw this
conclusion it is not enough that in their opinion the
damages are too high, or that much less damages
would have been a sufficient satisfaction to the plain-
tiff.

In *Aldrich v. Palmer*, 24 Cal. 513, it was held that
where the law furnished no rule for the measurement

of damages, their assessment was peculiarly the province of the jury, and that the court would never interfere with their verdict merely on the ground of excess; that upon such a question the court had no right to substitute its opinion for that of the jury, merely because it happened to differ from theirs.

In *Wheaton v. North Beach, etc., R. R. Co.*, 36 Cal. 590, this doctrine was again affirmed.

In *Wilson v. Fitch*, 41. Cal. 363, it was said:

" The court will not interfere in such cases unless the amount awarded is so grossly excessive as to shock the moral sense, and raise a reasonable presumption that the jury was under the influence of passion or prejudice. In this case, whilst the sum awarded appears to be much larger than the facts demanded, the amount cannot be said to be so grossly excessive as to be reasonably imputed only to passion or prejudice in the jury."

The rule is laid down as follows by 1 Sutherland on Damages (2d. ed.), § 459.

" Where there is not a legal measure of damages, and where they are unliquidated, and the amount thereof is referred to the discretion of the jury, the court will not, ordinarily, interfere with the verdict. It is the peculiar province of the jury to decide such cases under appropriate instructions from the court; and the law does not recognize in the latter the power to substitute its own judgment for that of the jury."

Hayne on New Trial and Appeal, § 95, after an examination of the cases, sums up the consensus of decisions as follows:

" The verdict should not be disturbed on the ground of excessive damages, unless the amount is so excessive as to indicate passion or prejudice."

But in this particular kind of a case we think the courts have universally refused to set aside verdicts

for this reason. In *Torre v. Summers,* 2 Nott & Mc-Cord, 267 (10 Am. Dec. 597), in an action for criminal conversation, the court said:

"I know of no instances in which courts have granted new trials on account of excessive damages given in suits brought for criminal conversation;" citing *Duberley v. Gunning,* 4 T. R. 659.

And the court in that case gives some cogent reasons for the observance of that rule.

In *Smith v. Masten,* 15 Wend. 270, the court, after arguing the proposition, says:

"If, previous to the case of *Duberley v. Gunning,* there had been no instance of a new trial granted in a *crim. con.* case, for the excessiveness of the damages, I may safely say there has been none since. I have found no such case; and if any were to be found, it would not have escaped the research of the learned counsel who argued this cause."

The same rule is announced by Lawson's Rights, Remedies and Practice, § 1107, where it is also announced that the extent of the damages to be awarded would depend on the previous relations of the husband and wife; that if they were cordial and affectionate, his injuries would be great; if otherwise, his injuries would be consequently small.

From the very nature of this kind of a case, if the injury is to be compensated in money at all, it must be seen that there is no basis upon which an appellate court can determine reasonably whether the jury acted under the control of passion or prejudice, and if they could in any case it is not discernible in this case. The testimony shows that the respondent and his wife were respectable people; that she was entrusted with the care and education of the children in that community and received good wages as a school

teacher. The respondent was a lawyer and at least commanded the respect of the people of the county in which he lived sufficiently to be elected to the office of prosecuting attorney. The testimony shows, and is not disputed, that the relations existing between the husband and wife prior to the advent of the appellant were not only cordial and friendly but very affectionate. Outside of the amount of money which would necessarily be involved in the breaking up of a home, there are questions which are so largely and purely sentimental, submitted too peculiarly to the discretion of the jury which tries the case, that, unless the amount found as damages should be clearly shown to be the result of passion and prejudice, the court would not be warranted in reversing the case on the ground of excessive damages. We do not think that such a showing is made in this case.

The judgment will therefore be affirmed.

HOYT, C. J., and ANDERS, GORDON and SCOTT, JJ., concur.