[No. 12459.   Department One.   June 21, 1915.]

# L. S. KENWORTHY, *Respondent*, v. FRANK RICHMOND *et al.*, *Appellants.*[1]

HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—COMPLAINT— CHARGE OF ADULTERY.   In an action for alienation of affections of plaintiff's wife, the complaint does not charge an act of adultery, where it merely alleges a conspiracy to bring the wife to W. for immoral purposes, and that she occupied a room in a hotel with one of the defendants for about an hour on a certain night.

SAME — ALIENATION OF AFFECTIONS — INSTRUCTIONS — CHARGE OF ADULTERY.   In and action for the alienation of the affections of plaintiff's wife, it is error to give an instruction upon the subject of the commission of adultery when there was no evidence thereof other than proof of opportunity in that the wife had occupied a room with such defendant for about an hour one night, and then retired therefrom; since the rule requires proof of an adulterous disposition on the part of both, as well as proof of opportunity.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered March 13, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action for alienation of affections.   Reversed.

*Sharpstein & Sharpstein* and *Pedigo & Smith,* for appellants.

*Leon B. Kenworthy* and *Rader & Barker,* for respondent.

MOUNT, J.—This action was brought to recover damages for the alleged alienation of the affections of the plaintiff's wife.   The case was tried to the court and a jury.   A verdict was returned in favor of the plaintiff, and a judgment was subsequently entered thereon.   The defendants have appealed.

The complaint alleged, that L. S. Kenworthy and Goldie Kenworthy were at all times therein mentioned husband and wife; that they had been living in Portland, Oregon, and

[1]Reported in 149 Pac. 348.

were living happily and peaceably together, and had been
for many years, having had born to them three children,
two of whom are now living; that the defendants, Frank
Richmond and Elizabeth Garrett, connived and conspired
together to disrupt and break up the home of the plaintiff
and wife, and that Elizabeth Garrett came to Portland and
stopped at their home, and at once began to make trouble
between the plaintiff and wife, so much so that the plaintiff
was compelled to leave his home; that then and thereafter
the said Elizabeth Garrett prevailed upon Goldie Kenworthy
to come to Walla Walla, Washington, and then and there
the said Frank Richmond and Elizabeth Garrett further con-
spired and connived with the wife of the plaintiff and in-
duced her to send letters to the sheriff of Multnomah county,
Oregon, falsely and derogatorily to the plaintiff asking pro-
tection from him; that the defendants conspired and con-
nived together to bring the said Goldie Kenworthy to Walla
Walla for immoral purposes; and on the night of January 6,
1914, within the city of Walla Walla, Washington, the said
Goldie Kenworthy stayed with the said Frank Richmond in
the Palace Hotel, from 9:55 p. m. until 11:30 p. m., in
room 19; that, prior to the time Elizabeth Garrett visited the
home of the plaintiff in Portland, the plaintiff and wife were
getting on happily together, but on account of the acts, per-
suasions, falsifications, and maledictions of the said defend-
ants toward the plaintiff, he has been caused the keenest
mental pain and anguish and financial embarrassment, and
trouble with the state authorities of Oregon, and the affec-
tions of his wife have been alienated, to his damage in the
sum of $10,000. Wherefore, the plaintiff prays judgment,
etc.

The defendants appeared separately and denied generally
the allegations of the complaint. At the close of all the evi-
dence, the defendants requested the court to instruct the
jury to the effect that the complaint did not charge any
immoral act or conduct on the part of Mrs. Kenworthy and

the defendant Richmond, and that the evidence was not sufficient for the jury to find that Mrs. Kenworthy and the defendant Richmond had committed adultery at any time or place; that the jury should not consider the complaint or the evidence upon that subject in arriving at their verdict. The court refused to so instruct the jury, but gave the following instruction:

"While the complaint in this action does not directly charge the defendant Richmond with having committed adultery with the wife of the plaintiff, yet if you find by a preponderance of the evidence that the defendant Richmond and the wife of the plaintiff occupied a room in the Palace Hotel together, you may consider that fact in determining whether the defendant Richmond is liable in this case, and before you could find that Richmond committed adultery with plaintiff's wife, the plaintiff must first prove an adulterous disposition on the part of Richmond toward Mrs. Kenworthy; second, an adulterous disposition on her part toward the defendant; and .third, the opportunity for the gratification of this adulterous disposition. Mere opportunity is not sufficient, neither is the adulterous disposition without the opportunity sufficient; neither would it be sufficient to prove an adulterous disposition on the part of the defendant, coupled with the opportunity, unless there is also proven an adulterous disposition on the part of the plaintiff's wife. In arriving at all these things you may consider such facts as are in evidence before you concerning the conduct of the defendant Richmond and plaintiff's wife, and draw such reasonable deductions from the facts in evidence as you believed can reasonably be drawn from them."

It is argued by the appellants that this instruction is erroneous for the reason that it tells the jury that the complaint charges the defendant Richmond with having committed adultery with the wife of the plaintiff, and authorizes the jury to find from the evidence that Richmond and the plaintiff's wife did in fact commit adultery. It is plain, we think, that the complaint does not charge that the defendant Richmond committed adultery with the plaintiff's wife, and

but for the first part of the allegation, to the effect that the defendants conspired together to bring Goldie Kenworthy to Walla Walla for immoral purposes, there would not even be an inference of adultery. If the plaintiff intended to charge that the defendant Richmond committed adultery with the wife of the plaintiff, the allegation should have stated that fact positively. We apprehend the rule in cases for alienation of affections is not different from the rule in actions for divorce. In such cases, Mr. Bishop, in Marriage, Divorce & Separation, vol. 2, § 1325, says:

"The act of adultery must be duly shown. The allegation should state positively, not from information and belief, or otherwise in uncertain terms, that, at a time and place specified, the defendant committed the carnal act with a person named; unless something of this particularity is unknown, when the want of knowledge may be averred as a substitute therefor."

Clearly the allegation in this case does not meet that rule. If the plaintiff intended to charge the defendant Frank Richmond with having committed adultery with Mrs. Kenworthy, he should have done so in plain, unambiguous language, without resorting to inference therefor. We are satisfied that the complaint does not charge adultery.

The proof was not as strong as the allegations of the complaint. The plaintiff testified that, on the night in question, at about the hour named in the complaint, he saw his wife go to a room which had been assigned to the defendant Frank Richmond, and that she remained there from an hour to an hour and a half. Another witness for the plaintiff testified in substance to the same effect. It was not shown that Mrs. Kenworthy was of an adulterous disposition. It was not shown that no one else was in the room at that time. The mere fact was stated that she went to the room and remained there from an hour to an hour and a half, and then retired therefrom. It is plain, we think, that this is not sufficient proof of adultery.

In *Pollock v. Pollock*, 71 N. Y. 137, in a divorce case, upon the question of adultery, the court said at page 146:

"I think that proof of the parties charged, being alone together in a set of rooms at times, and passing many days in succession together there, and some evenings, is not of itself sufficient to sustain the allegation.  There should be some accompanying circumstances, fitted to fairly induce a belief that it was not for a proper purpose.  The being thus together, to be sure, gives opportunity.  There must be more than that; some circumstances to show a disposition to avail themselves of the opportunity, and to ground an inference that they have actually done so.  (*Harris v. Harris*, 2 Haggard 376).  The court must be satisfied that a criminal attachment subsisted between the parties, and that the parties intended to indulge in the intercourse for which they had opportunity."

In *Miller v. Miller*, 20 N. J. Eq. 216, the court said:

"A divorce can never be granted upon a general charge of adultery with divers persons whose names are unknown, within a specified period of time.  Such charge is bad pleading, and no bill or petition should contain it.  A bill for divorce should not be filed upon general suspicion, nor until the discovery of some specific act, or of the facts from which such act must be inferred, and these should be sufficiently stated to identify the act upon which the suit is founded."

See, also, *Freeman v. Freeman*, 31 Wis. 235.  In this last named case the court said:

" 'Every act of adultery,' says Mr. Bishop (§ 619), 'implies three things:  First, the opportunity; second, the disposition in the mind of the adulterer; thirdly, the same in the mind of the *particeps criminis*.  And the proposition is substantially true, that, whenever these three are found to concur, the criminal (f)act is committed.' "

While the latter part of the instruction given no doubt correctly states the rule of law upon the question, the allegations of the complaint and of the evidence before the court, according to that rule, were insufficient to justify the submission of that question to the jury.  There was no evidence

upon which the jury could find that the criminal act of adultery had been committed. The first part of the instruction stated to the jury that "While the complaint in this action does not directly charge the defendant Richmond with having committed adultery with the wife of the plaintiff, yet if you find by a preponderance of the evidence that the defendant Richmond and the wife of the plaintiff occupied a room in the Palace Hotel together, you may consider that fact in determining whether the defendant Richmond is liable in this case, . . ." The jury no doubt understood from that statement that the complaint did state that Richmond and the plaintiff's wife had committed the crime of adultery, and that if they so found, then it followed that Richmond was liable. We think this is clearly erroneous, first, because the complaint does not charge adultery, and second, because the evidence was entirely insufficient to be submitted to the jury upon that question. The court should, therefore, have instructed the jury as requested by the defendants upon the question of adultery, and should not have given the instruction which was given. We have no doubt that this instruction was prejudicial, and that the jury based the verdict largely, if not wholly, upon it.

The judgment is therefore reversed, and the cause remanded.

MORRIS, C. J., and PARKER, J., concur.