[No. 13572. Department Two. March 26, 1917.]

L. S. KENWORTHY, *Respondent,* v. FRANK RICHMOND, *Appellant,* ELIZABETH GARRETT, *Defendant.*[1]

APPEAL—REVIEW—VERDICT. A verdict upon conflicting evidence will not be disturbed on appeal when there is substantial evidence to support it.

HUSBAND AND WIFE—ALIENATION OF AFFECTIONS—DAMAGES—EXCESSIVENESS. In an action for alienation of affections, the amount of the damages is peculiarly within the province of the jury, and a verdict for $5,000 will not be.held so excessive as to indicate passion or prejudice, where defendant was actuated by an immoral purpose and the plaintiff subjected to humiliation and disgrace.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered January 15, 1916, upon the verdict of a jury rendered in favor of the plaintiff, in an action for the alienation of affections. Affirmed.

*Sharpstein, Pedigo, Smith & Sharpstein,* for appellant.

*Leon B. Kenworthy* and *Rader & Barker,* for respondent.

PER CURIAM.—This is an action in damages for the alienation of the affections of the plaintiff's wife. It was before

[1]Reported in 163 Pac. 924.

us on a former appeal, and was reversed and remanded for
a new trial because of error in the instructions to the jury.
*Kenworthy v. Richmond,* 86 Wash. 127, 149 Pac. 348.   It
is now before us on an appeal by Richmond from the judg-
ment entered on the verdict of the jury rendered at the new
trial.   A sufficient statement of the issues will be found in
the earlier opinion.   The errors assigned suggest but two
questions:   (1) Is the evidence sufficient to sustain the ver-
dict; and (2) is the verdict so excessive as to justify a new
trial on the ground of passion and prejudice on the part of
the jury.

We think it unnecessary to enter upon an extended review
of the evidence.   It is the rule undoubtedly, as the appellant
contends, that, in order to justify a recovery, there must
have been substantial evidence before the jury to the effect
that the affections of the appellant's wife were alienated and
that the defendant caused, or aided in causing, such alien-
ation.   But, notwithstanding the able analysis of the evi-
dence made by appellant's learned counsel, we think there
was substantial evidence in the record on both of these prop-
ositions.   The facts leading to the conclusion are somewhat
complicated and interwoven, making it difficult to cite the
specific instances of proof, but a reading of the evidence as a
whole does not, to our minds, leave the question in doubt.
This is as far as we are permitted to go.   The constitution
provides that the right of trial by jury in causes of this
character shall remain inviolate, and since we find substantial
evidence tending to support the verdict, we have no warrant
to interfere with the jury's conclusion.

The verdict was for $5,000.   While this sum seems large,
it does not alone indicate passion and prejudice.   A verdict
for a much larger sum—$15,000—was sustained by us in
the somewhat similar case of *Speck v. Gray,* 14 Wash. 589,
45 Pac. 143.   In that case, it was recognized that the
amount of the award was peculiarly within the province of
the jury, and that the court would not be warranted in in-

terfering with the verdict unless the amount awarded was so grossly excessive as to shock the moral sense. In the case before us, the appellant's participation in the transaction was for an immoral purpose, and there is evidence in the record of acts committed by the wife, induced by the co-operation of the defendants, so indiscreet, to say the least, as to lead not over-critical observers to believe that the purpose may have been accomplished. In such a case, the humiliation and disgrace the plaintiff feels because of the blight cast upon his own good name and the good name of his children justifies sustaining a much larger verdict than would be justified in a less extreme case; such, for instance, as in the more common one where the wrongful interference is by some member of the family of one of the parties to a marriage who feels disgraced by the marriage, or feels that the party thereto for whom the interference is made has been wronged and that his action may in a manner correct the wrong.

It is our conclusion that no reversible error appears in the record. The judgment will stand affirmed.