[L. A. No. 4101. Department One.—January 14, 1918.]

## J. H. MORRILL, Respondent, v. STONE & WEBSTER CONSTRUCTION COMPANY, Appellant.

NEGLIGENCE — MASTER AND SERVANT — UNSAFE PLACE TO WORK—EVIDENCE.—In an action by an employee against an employer for damages for injuries sustained by the breaking of a temporary elevated walk of boards over which the work on which the employee was engaged compelled him to walk, the fact that the board broke with the plaintiff's weight establishes the truth of an allegation of the complaint that the boards were inadequate and insufficiently strong to bear his weight.

ID.—UNTENABLE DEFENSE—ASSUMPTION OF RISK—"ROSEBERRY ACT" (STATS. 1911, P. 796).—In an action for damages for injuries sustained by an employee through the negligence of the employer after the passage of the Roseberry Act (Stats. 1911, p. 796), it could not be claimed that the employee, whose work required him to pass over a temporary elevated structure of rough lumber, assumed the risk arising from the weakness of such lumber, knowing that the lumber was placed temporarily for a different purpose, and not as a place to walk, but under that act when in force, the fact that the servant assumed the risk of the danger by which he suffered injury was not a defense to an action for damages where the danger was caused by the negligence of the defendant.

ID.—COMPARATIVE NEGLIGENCE—FINDING SUSTAINED BY EVIDENCE.—The evidence in this case is held sufficient to sustain a finding that the plaintiff's negligence was slight in comparison with the defendant's.

ID.—TRIAL—QUESTION OF FACT.—The question of negligence is usually a question of fact for the court or jury on the trial.

APPEAL from a judgment of the Superior Court of Los Angeles County.   John M. York, Judge.

The facts are stated in the opinion of the court.

Hass & Dunnigan, for Appellant.

Porter, Morgan & Parrot, for Respondent.

SHAW, J.—The action was to recover damages for personal injuries suffered by the plaintiff, alleged to have been caused by the negligence of the defendant.  The answer averred that the plaintiff's own negligence contributed to the injury

complained of. The court found that the injury was caused by the negligence of the defendant, and also that the negligence of the plaintiff contributed thereto, but that the negligence of the plaintiff was slight in comparison with that of the defendant, and of a nature which served only to reduce the damages to which the plaintiff was entitled. In this the court followed the provisions of the act of 1911, known as the Roseberry Act, which was in force at the time of the injury to the plaintiff. (Stats. 1911, p. 796.) The defendant concedes that the finding that the plaintiff was guilty of negligence which contributed to his injury is sustained by the evidence, but it earnestly contends that there was no substantial evidence to prove that the defendant's negligence caused the injury, either directly or indirectly.

The defendant was the general contractor for the erection of a reinforced concrete building. At the time of the injury the plaintiff was in the employ of the defendant, assisting in the construction of said building. The walls of the building were at that time in process of construction to a greater height. They were of concrete, and were made by pouring the concrete into a board form, so constructed as to hold the concrete, which was to constitute the wall, in place while it was setting or hardening. This form was made by setting upright pieces of wood proper distances apart, and nailing boards on the inside thereof so as to form a box into which the concrete was poured. At the time of the injury the top of the form was about twelve feet above the level of the concrete which had then been poured into it. The boards of this form were from three to four inches wide and three-fourths of an inch thick, and were of an inferior quality of lumber, known in the trade as "ship-lap." The carpenters were engaged in nailing this ship-lap to the uprights, and the boards required for their use were temporarily laid along the top of the frame of the form on some wires stretched across the same to hold the uprights in their proper place. The plaintiff was what is called a rigger. His part of the work was to set up derricks and other apparatus required for the purpose of raising materials to the points where the workmen were engaged in construction. He and a fellow-workman were ordered to take a guy rope and fasten it at a point designated by the foreman. In order to do this it was necessary for him to go to the top of the form on which the work-

men were engaged in nailing the ship-lap, and walk over a part of it upon the ship-lap so laid on the top thereof ready for the carpenters below, and to carry with him a coil of rope weighing about seventy pounds. The fellow-workman preceded him and walked along the top of the form and upon these boards in safety. When the plaintiff stepped upon one of the boards it broke and the resulting fall threw him over against a projecting timber, whereby he received the injury complained of. The board on which he stepped was not strong enough to bear his weight and that of the rope he was carrying. The plaintiff did not look at the board, but walked right along after his fellow-workman, supposing that the boards were of sufficient strength to hold his weight. The plaintiff was not instructed to examine the boards to see if they were of sufficient strength to bear his weight, nor was he warned concerning them. The allegation of the complaint is that plaintiff, while walking across said wall, was compelled to walk on said boards and that they "were inadequate and insufficiently strong to bear his weight," and that the defendant had negligently failed to provide a safe and proper place to work for the plaintiff while so engaged. The boards in question had been placed along the wall by the men engaged in erecting the form to be used by them as required, and were not intended to be used as a platform or as a place upon which other workmen should walk.

These facts are not controverted, and they show that there was sufficient evidence to justify the finding of the court that the defendant was negligent in the performance of its duty to provide for the plaintiff a safe walk upon which he could pass along the wall as he was directed to do. Prior to the enactment of the act of 1911 aforesaid, it might have been claimed that the plaintiff, in going along the wall, knowing that the ship-lap was placed thereon temporarily for a different purpose, and not as a place upon which to walk, would have assumed the risk of the danger arising from the weakness of such lumber and, consequently, that he could not recover. But that act declares that the fact that the servant assumed the risk of the danger by which he suffers injury is not a defense to an action for damages where the danger is caused by negligence of the defendant. The fact that the board broke with the plaintiff's weight demonstrates that it was not of sufficient strength for the purpose to which the

defendant then devoted it. If two thicknesses of the boards had been laid, as could easily have been done, the two would doubtless have sustained the weight. It being the defendant's duty to exercise ordinary care to provide sufficiently strong supports for the plaintiff while passing along the wall, it cannot be disputed that its failure to do so under these circumstances was negligence. This establishes the truth of the aforesaid allegation of the complaint.

The finding that the plaintiff's negligence was slight in comparison with that of the defendant is also sustained by the evidence. The question of negligence is usually a question of fact for the court or jury trying the case. Upon the facts heretofore stated we cannot say as matter of law that the plaintiff's negligence was gross, or was not slight in comparison with that of the defendant. These comprise all the points raised upon the appeal that are worthy of consideration. As to excessive damages, see *Aldrich* v. *Palmer,* 24 Cal. 516.

The judgment is affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.