[Civ. No. 24661. Second Dist., Div. Two. Feb. 21, 1961.]

. FLORENCE CODY, Appellant, v. VON'S GROCERY
COMPANY (a Corporation), Respondent.

Steven L. Dobbs for Appellant.

Gilbert, Thompson & Kelly and Jean Wunderlich for Respondent.

FOX, P. J.—Plaintiff brought this action to recover damages for personal injuries she sustained when she fell in one of defendant's markets. She alleged that defendant negligently left some cleaning compound on the floor and that she slipped and fell because of its presence. The jury returned a verdict in favor of defendant. She has appealed from the judgment based upon this verdict.

In seeking a reversal plaintiff makes two points: (1) that counsel for defendant was guilty of prejudicial misconduct; and (2) that the court should have restricted the scope of the cross-examination of plaintiff with respect to her acquaintance with Mr. Taskila, who was one of her witnesses. We find no merit in either of these contentions.

It is unnecessary to relate the details of how the accident occurred. There appears to be no doubt that plaintiff fell in defendant's market and received injuries therefrom but the evidence is in sharp conflict as to whether there was any foreign substance on the floor where she fell. There is substantial evidence that there was no cleaning compound on the floor of the market at the time plaintiff fell and that the floor was not slippery. This case has been previously tried resulting in a verdict for the plaintiff. Defendant's motion for new trial on the grounds, among others, of the insufficiency of the evidence and newly discovered evidence was granted. In his opening statement to the jury at this trial counsel for defendant told the jury that the case had been previously tried; that after plaintiff had rested her case and the defendant had completed its evidence, the attorney for plaintiff then asked permission to reopen her case, which permission was granted; that plaintiff at that time stated that she had put an ad in the newspaper asking, in effect, anyone who had seen her fall at the time and place in question to get in touch with her. She produced this newspaper

in court. Counsel further told the jury that thereupon a Mr. Taskila was presented as having responded to this advertisement and was also represented as being a stranger to the plaintiff and a disinterested witness, when in fact he lived in her home the very month this accident occurred. The foregoing constitutes plaintiff's first assignment of misconduct. Plaintiff also claims misconduct by reason of the remark by defense counsel that she had been on the witness stand several days in the other trial. Her third assignment is a statement made during the course of a colloquy between the court and counsel to the effect that he (defense counsel) intended to show that plaintiff had at the former trial made a statement under oath inconsistent with testimony that she had just given. Her fourth assignment of misconduct was based on defense counsel asking a witness for plaintiff the following question: "I take it then you were not just a boarder for meals?" Her final assignment is based on defense counsel's comment that Taskila was not a disinterested witness. Counsel[1] concedes that "not all of these were objected to." ▆▆▆ The record also reveals that none of these matters were cited as misconduct and that the court was not requested to admonish the jury to disregard them. "Where the action of the trial court is not thus invoked the alleged misconduct will not be considered on appeal, if an admonition to the jury would remove the effect thereof." (*Scott* v. *Times-Mirror Co.*, 181 Cal. 345, 368 [184 P. 672, 12 A.L.R. 1007]; *Sepulveda* v. *Ishimaru*, 149 Cal.App.2d 543, 548 [308 P.2d 809]; *Risley* v. *Lenwell*, 129 Cal.App.2d 608, 658-659 [277 P.2d 897].) In *Cope* v. *Davison*, 30 Cal.2d 193, 202-203 [180 P.2d 873, 171 A.L.R. 667], the court stated: "The record in the present case shows no assignment of misconduct and the trial court was not asked to instruct the jury to disregard the challenged remarks. The point may not, therefore, be considered upon appeal." In *Tingley* v. *Times Mirror*, 151 Cal. 1 [89 P. 1097], the court pointed out that (p. 23): "It is only in extreme cases that the court, when acting promptly and speaking clearly and directly on the subject, cannot, by instructing the jury to disregard such matters, correct the impropriety of the act of counsel and remove any effect his conduct or remarks would otherwise have." (Accord, *Jensen* v. *Southern Pacific Co.*, 129 Cal.App.2d 67, 80 [276 P.2d 703].) It is obvious that any impropriety (if such there was)

---

[1]Present counsel did not represent plaintiff at the trial.

in any of defense counsel's comments could have been corrected by an appropriate admonition to the jury. Absent any such request the asserted misconduct on the part of defense counsel may not be considered on appeal. (*Cope* v. *Davison, supra.*)

On cross-examination plaintiff was asked whether at the time of the accident Mr. Taskila lived at 922 Eucalyptus Avenue, which had been shown to be her own address. She responded in the affirmative. She was then asked how long had he been living there prior to December 1956. She indicated he had been living there for about four weeks (the accident occurred on December 21, 1956). Mr. Taskila had not been mentioned in the testimony up to that time although he became a witness later. Defendant's counsel, over the objection of plaintiff's counsel, was permitted to impeach plaintiff by reading her testimony at the former trial as to her acquaintance with Taskila and was also permitted to read into evidence as part of her cross-examination an affidavit filed by her in opposition to defendant's motion for a new trial in which she stated that she had not known of or become acquainted with Mr. Taskila before on or about February 28, 1959, at which time he communicated with her as a result of an ad which she ran in an Inglewood newspaper; that Mr. Taskila was an absolute stranger to her before that time and that "he has never resided at 922 Eucalyptus Avenue, Inglewood, California, during any of the time that I have resided there." This examination was permitted on the theory that it went to her credibility. Plaintiff, however, relying on section 2048, Code of Civil Procedure,[2] argues that the court committed prejudicial error in permitting counsel for the defense to cross-examine plaintiff beyond the scope of the direct examination. ■ In *People* v. *Wissenfeld,* 36 Cal.2d 758 [227 P.2d 833], the court observed at pages 765-766: "In the field of cross-examination affecting the credibility of a witness, the court is given a wide discretion (Code Civ. Proc., § 1868),[3] and '[u]nless it can be seen that

---

[2] Code Civ. Proc., § 2048, reads as follows: "The opposite party may cross-examine the witness as to any facts stated in his direct examination or connected therewith, and in so doing may put leading questions, but if he examine him as to other matters, such examination is to be subject to the same rules as a direct examination."

[3] Code Civ. Proc., § 1868, reads as follows: "Evidence must correspond with the substance of the material allegations, and be relevant to the question in dispute. Collateral questions must therefore be avoided. It is, however, within the discretion of the court to permit inquiry into a

the evidence is without any weight whatever in determining the issue the action of the court in receiving it will not be reversed.' '' In *Newman* v. *Los Angeles Transit Lines,* 120 Cal.App.2d 685 [262 P.2d 95], this court pointed out that "Liberal cross-examination is the rule." (P. 691.) The extent of cross-examination rests largely within the sound discretion of the trial court and the exercise of this discretion will not be interfered with on appeal unless a plain and manifest abuse thereof has been shown. Plaintiff says Taskila's address was immaterial and she should not have been asked about it. Her attempt, however, to parade him before the jury during the first trial as a disinterested witness was very material. It was of importance because it went to her credibility. In order to make Taskila appear to be disinterested, plaintiff had to conceal the fact that he lived in her house. Thus, on the previous trial she had given testimony contradictory to that which she had given in this trial. This has always been a proper subject for impeachment. Under the circumstances it cannot be said that the trial court abused its discretion.

 The later portion of plaintiff's brief is largely devoted to an attack upon the testimony of certain witnesses who testified on behalf of defendant. She emphasizes certain inconsistencies and asserts that the testimony of one witness is a fabrication. Such an argument is properly addressed to the jury. It has no value in an appellate court.

The judgment is affirmed.

Ashburn, J., concurred.

---

collateral fact, when such fact is directly connected with the question in dispute, and is essential to its proper determination, or when it affects the credibility of a witness.''