[Civ. No. 25881. Second Dist., Div. Four. May 11, 1962.]

HARRY LUMERMAN et al., Plaintiffs and Appellants, v. JAMES DIKOFF, Defendant and Respondent.

Oshman & Brownfield and Burton Marks for Plaintiffs and Appellants.

Gilbert, Thompson & Kelly and Jean Wunderlich for Defendant and Respondent.

BURKE, P. J.—In this action three plaintiffs seek damages for personal injuries resulting from a freeway accident in which their car, which had been stopped by traffic conditions, was "rear-ended" by defendant's car. The case was tried to a jury and a defense verdict resulted.

As a basis for appeal plaintiffs complain of an incident at the trial which occurred at 18 minutes before the 12 o'clock recess when counsel for the defense approached the bench and out of the hearing of the jury moved that the defense be given an opportunity to have its heart specialist examine one of the plaintiffs, Joseph H. Lumer, during the noon recess. This motion was opposed by counsel for plaintiffs upon the basis that the motion was not timely made; the defense had known through discovery proceedings that this plaintiff had had a preexisting heart condition and that the testimony given concerning this condition could not have come to defense counsel unexpectedly or through surprise. Plaintiffs' counsel further argued that if such permission were to be granted by the court it would mean that plaintiffs would then be put in the position of having to ask for a recess and an opportunity to have their own expert reexamine Mr. Lumer.

The trial judge indicated that since plaintiffs' counsel objected to the examination if a specialist called by plaintiffs was to give testimony based only on his review of the hospital records and cardiograms in evidence "the jury will be entitled to know he has not examined the patient, and that the patient has refused to be examined." Counsel for plaintiffs indicated he thought "that would prejudice the jury against us." The

court remarked, "It might well do so." The court took the motion under submission. Prior to the noon recess counsel were advised out of the presence of the jury that the motion was denied.

After plaintiffs had rested, the defense called plaintiffs' attorney to the stand as a defense witness and asked him, "Mr. Brownfield, it is a fact that shortly before noon today you refused to agree to allow Mr. Joseph Lumer to be examined by Dr. La Joie; is that not correct?" Counsel replied, "This is not true. This matter was heard before the judge and the judge decided that this request was an improper one." The examination continued:

"Q. Did you object to my request?

"THE COURT: Just a moment, please. You may answer the question yes or no.

"MR. BROWNFIELD [counsel for plaintiffs]: Your Honor, I feel that this question is highly improper.

"THE COURT: Are you objecting to it?

"MR. BROWNFIELD: I object to the question.

"THE COURT: The objection is sustained. The matter is of no concern to the jury at this time.

"MR. GILBERT [counsel for defendant]: That is all."

Plaintiffs assert that in the incident related above defense counsel engaged in unfair tactics and prejudicial misconduct; that it improperly brought to the attention of the jury evidence which was otherwise inadmissible; it cast undue and unwarranted reflection upon the conduct of plaintiffs' counsel and thus upon each of the plaintiffs; and it effectively denied plaintiffs a fair trial and denied plaintiffs due process of law. Plaintiffs further assert that the particular incident is unique and that they can present their arguments only by analogy.

Plaintiffs liken the questions asked to those in *Arnold* v. *California Portland Cement Co.,* 41 Cal.App. 420 [183 P. 171], and *Peacock* v. *Levy,* 114 Cal.App. 246 [299 P. 790], where the misconduct consisted of plaintiffs' counsel asking questions bringing the matter of insurance to the attention of the jury. Plaintiffs acknowledge the existence of the general rule that the mere asking of an improper question is not ground for reversal (*Fleming* v. *Flick,* 140 Cal.App. 14, 35 [35 P.2d 210]) particularly where it is done in good faith. They assert, however, that if an improper question is flagrant and prejudicial, the misconduct of counsel may be such that its effect on the jury cannot be overcome and it is not cured by an admonition to the jury by the judge. In support of this

statement he cites *Stevenson* v. *Link*, 128 Cal.App.2d 564, 571 [275 P.2d 782]. In that case it is to be noted that a timely objection on the ground of misconduct was made and the trial court was given an opportunity to cure the defect, if any, by proper admonition.

In the case at bar no assignment of misconduct was made at the trial and none was made on motion for new trial. ▮ It is well settled that an assignment of misconduct will not be considered if it is made for the first time on appeal and if the party complaining of the misconduct does not at the time of trial object thereto. (*Scott* v. *Times-Mirror Co.*, 181 Cal. 345, 368 [184 P. 672, 12 A.L.R. 1007]; *Cody* v. *Von's Grocery Co.*, 189 Cal.App.2d 329 [11 Cal.Rptr. 277].) If plaintiffs felt it was impossible to cure the alleged misconduct, a mistrial could have been sought. It is also noteworthy that the court on its own motion took steps to cure any ill effect which the questions could have had upon the jury by its statement to the jury, "The matter is of no concern to the jury at this time." ▮ It is also to be presumed that the court adequately instructed the jury as a part of its charge that it must never assume or speculate to be true any insinuation carried or suggested by a question put to a witness by examining counsel or by the court and that the examiner's question is not evidence except only as it explains or throws light upon the answer. Where the record does not contain the instructions of the trial court the presumption will be that the law applicable to the facts was correctly given to the jury. (*Aldrich* v. *Palmer*, 24 Cal. 513.)

In *Stevenson* v. *Link*, *supra*, 128 Cal.App.2d 564, there had been an express ruling by the judge that the matter sought to be introduced was inadmissible. Quite the contrary appears in the case at bar. It should be noted from the discussion in chambers, previously referred to, that the judge indicated "the jury will be entitled to know he has not examined the patient, and that the patient has refused to be examined." From this it was reasonable for defense counsel to anticipate that the court would permit him to show that the patient had refused to be examined. This negates any inference that the situation was one similar to that presented in *Stevenson* v. *Link*, *supra*, where counsel had been previously warned that the evidence which he sought to bring before the jury was inadmissible. It should be noted also that immediately upon the court's sustaining the objection to the question contrary

to its previous indication in chambers, defense counsel immediately abstained from pursuing the matter further.

We next consider the propriety of raising the issue during trial of whether or not a party has refused to submit to a physical examination. It is unquestionably the law of this state that the request for a court order permitting a physical examination of the plaintiff to be performed by a qualified doctor employed by the defense is entirely proper. (*Johnston* v. *Southern Pac. Co.*, 150 Cal. 535, 542 [89 P. 348, 11 Ann.Cas. 841].) Under the ruling of *Clark* v. *Tulare Lake Dredging Co.*, 14 Cal.App. 414, 437 [112 P. 564], the refusal to permit such examination may be the subject of testimony by a witness for the opposition. While the latter case did not involve a physical examination of the plaintiff but concerned the examination of machinery claimed to have been defective and which it was asserted resulted in the death of the plaintiff, in its decision the court noted that it perceived no distinction between the two and specifically bottomed its decision upon *Johnston* v. *Southern Pac. Co.*, *supra*. Undoubtedly the reasoning followed in *Clark* v. *Tulare Lake Dredging Co.*, *supra*, must have represented the view of the trial judge in this case during the discussion in chambers because as his remarks already quoted indicate, he considered that the matter of physical examination might be gone into and that it might be made the subject of adverse comment prejudicial to the plaintiff. At that time the court did not rule specifically on the question but merely advanced it for consideration of counsel in the discussion.

 As indicated in *Johnston* v. *Southern Pac. Co.*, *supra*, 150 Cal. 535, an application for permission to have defendant's doctors examine the plaintiff must be timely made, and any objection based on untimeliness is addressed to the sound discretion of the court. It will be noted that when such objection was voiced in the case at bar the court inquired as to when the defendant first acquired knowledge of the pre-existing heart condition and thereupon determined that the request was untimely and denied it. At the time of doing so, however, there was no indication given to defense counsel that the court had reached a conclusion contrary to its previously indicated view that testimony showing the plaintiff's refusal to be examined by the defense doctor could be presented to the jury.

 Even assuming that it was misconduct on the part

of defense counsel to seek to produce such testimony after the court had denied defendant's motion for such an examination, and we do not so hold, any possible prejudicial effect of such alleged misconduct resulted from testimony volunteered by plaintiffs' counsel as to what had occurred out of the presence of the jury. An immediate objection by plaintiffs' counsel before he had responded would have avoided disclosure of most of the evidence which he considered prejudicial. Furthermore, any possible prejudicial effect of the alleged misconduct was removed by the timely admonition of the court to the jury. Under no circumstances could it be deemed so substantial as to warrant a reversal under the provisions of section 4½ of article VI of the California Constitution.

The judgment is affirmed.

Jefferson, J., and Balthis, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 3, 1962.