## HESTER *v.* HESTER.

(*Nashville.* December 5, 1889.)

1. DEMURRER. *Overruled, if too broad.*

Demurrer going to whole declaration, and good as to some but bad as to other distinct grounds of action therein averred, is too broad, and should be overruled.

2. HUSBAND AND WIFE. *Deserted wife's right to sue.*

Deserted wife can maintain suit, in husband's name, upon any cause of action that had accrued to the husband, and which he could have asserted, and in her own name upon any causes of action accruing subsequently to the desertion.

Code cited: ? 3505 (M. & V.); ? 2805 (T. & S.).

3. SAME. *Same. What is desertion.*

The husband's conduct and treatment of the wife may afford plenary proof of desertion without actual separation.

---

FROM SUMNER.

---

Appeal in error from Circuit Court of Sumner County. Jo. C. STARK, J.

WILSON & HEAD and C. R. HEAD for Appellant.

J. J. TURNER and J. M. ANDERSON for Appellee.

TURNEY, Ch. J.  The summons requires the defendant to answer "for falsely and maliciously attempting to ruin her character, and for separating her and her husband."

The declaration avers that Taylor Hester, a son of defendant, seduced plaintiff under a promise of marriage, begot her with child, and then refused to marry her; that she commenced suit for breach of promise and seduction, attaching property; that he thereafter assured her of his love and willingness to marry her; that the defendant, Samuel T. Hester, urged her to marry his son Taylor and dismiss her suit; that if she would do so he would take them to his house and see that they always had a good home and support; that, being thus urged and persuaded, she did dismiss her suit, marry the said Taylor, and go to the house of her father-in-law to live; that the action taken by her husband's father was for the purpose of getting rid of her suit through the marriage, and then of breaking up the marriage by alienating her husband's love for her through falsehood and slander against her reputation, and devices to enable her husband, under the forms of law, to be rid of her and his obligation to support her; that by these means, and in accordance with his scheme, the defendant did induce his son to abandon her and file a bill for divorce on the charge of adultery with George Martin; that on the following day she was driven from home by her husband through the influence of his father, the de-

fendant; that on the same day George Martin was killed, and the defendant induced her husband to charge her with the murder, and to have her arrested and prosecuted on that charge before a Magistrate and in the Circuit Court; that defendant assisted in the prosecution and furnished money for that purpose, and she was acquitted; that by slander, falsehood, insinuation, and subornation of perjury he did separate her and her husband and deprive her of his love, affection, and support.

To the declaration several grounds of demurrer are assigned, raising the question of the right of plaintiff to sue without joining her husband as plaintiff. Our statute (M. & V. Code, § 3505) provides that "where a husband has deserted his family, the wife may prosecute or defend, in his name, any action which he might have prosecuted or defended; she may also sue and be sued in her own name for any cause of action accruing subsequently to such desertion."

Taylor Hester could have maintained no action for the alleged fraudulent conduct of the defendant in procuring the dismissal of the suit for breach of promise and seduction. This is a sufficient reason for holding the wife cannot.

He and the wife could, however, have maintained an action for breach of the promise, made in consideration of the dismissal of that suit and their marriage, to furnish a home and support. The husband could have maintained an action against the father for slandering and traducing the

wife, thereby causing the husband to lose his confidence in her and to separate from her and file his bill for divorce. If the husband was, by slander and falsehood of the father against the reputation of the wife, induced to withdraw. his affection and support from her, he could have maintained an action therefor. He could have maintained an action for a false charge of adultery, murder, etc., or for a malicious prosecution of the wife set on foot by the father, and so for false imprisonment. The fact that for such causes the suit would ordinarily be in the name of husband and wife, makes no difference, as the prosecution is for the benefit of the husband.

The declaration makes a case of desertion, with a certainty that some of the causes of action accrued subsequent thereto, and for these she may sue. The fact of desertion is not confined to the time of the actual separation of the parties or the driving away by the husband of the wife, but may have existed from a period anterior, as the conduct and treatment of the husband to the wife may show.

While no independent action by the wife will lie for the acts of the defendant in bringing about a dismissal of her suit for seduction and breach of promise, nor for the other alleged acts prior to the husband's desertion, the facts may be looked to on the question of damages in the present suit, if shown to have been a part of the plan alleged in the declaration. The statute is clearly susceptible

18—4 p

of the construction here given to it. Courts will not look through a magnifying glass for purely technical defenses to such actions. The demurrer goes to the whole declaration, and is therefore too broad.

The judgment sustaining the demurrer is reversed, the exceptions to the report of the Commission of Referees allowed, and the cause remanded.