## SMITH   *v.*   SMITH.

### (*Nashville.*   January   9,   1897.)

1. HUSBAND AND WIFE.   *Alienation of husband.*

   The wife has a right of action against one who has wrongfully alienated her husband's affections, but she cannot, without an enabling statute, enforce this right by suit in her own name, until her coverture has been terminated.   (*Post, p. 105.*)

   Cases cited and approved: 8 Mass., 89; 2 So. Rep., 491; 28 N. E. Rep., 99.

2. SAME.   *Wife's statutory right to sue.*

   The wife cannot maintain an action in her own name against one whose wrongful acts, committed during her coverture, have resulted in the alienation of her husband's affections, by virtue of the statute which provides for the prosecution and defense of actions by and against a deserted wife (1) in the husband's name when he might have prosecuted or defended; (2) in her own name for causes that arose subsequent to the desertion.   (*Post, pp. 107, 108.*)

   Code construed: § 4505 (S.); § 3505 (M. & V.); § 2805 (T. & S.).

   Case cited and approved: Hester *v.* Hester, 88 Tenn., 270.

---

FROM   DAVIDSON.

---

Appeal in error from Second Circuit Court of Davidson County.   CLAUDE WALLER, J.

COOPER & COOPER for Sallie Smith.

Smith *v.* Smith.

VERTREES & VERTREES and J. M. QUARLES for Hugh F. Smith.

McALISTER, J.   The plaintiff, a married woman, commenced this suit in the Circuit Court of Davidson County, against Hugh F. Smith, her brother-in-law, and Mary Smith, his wife, to recover damages for alienating the affections of plaintiff's husband, John M. Smith, by means of putting in circulation certain false, malicious, and defamatory statements concerning the character of plaintiff.   The declaration further charges that, by reason of said malicious conduct on the part of the defendants, her husband, the said John M. Smith, in August, 1895, abandoned plaintiff, and has since refused to live with her. The husband, John M. Smith, was also made a party defendant.   The defendants interposed a demurrer to the declaration, assigning, among other causes, that the false and malicious charges which caused the alienation of the affections of plaintiff's husband were spoken prior to the abandonment, and that the cause of action is therefore one that cannot be prosecuted by the wife alone.   The Circuit Court sustained the demurrer, and dismissed the suit.

At common law, on account of the well-settled doctrine of marital unity, the right of a married woman to prosecute an action in her own name, for the redress of personal injuries, was denied.   The cause of action for a personal injury to a married woman, whether committed before or after marriage,

Smith v. Smith.

at common law, belonged to her, but, on account of the disability of coverture, she had no remedy unless the husband joined in bringing the suit for conformity. The right of action was hers, but, owing to the legal fiction of the unity of husband and wife, she could not assert it. The husband and wife were treated as one person, and marriage operated as a suspension, in most respects, of the legal existence of the latter. But marriage only suspended her personal rights; it did not destroy them or transfer them all absolutely to the husband. While it was an absolute gift to him of her goods and chattels, it was only a qualified gift to him of her choses in action, depending upon the condition that he reduce them to possession during coverture, or, otherwise, upon his death, they belonged to her. Bright's Husband and Wife, Vol. I., pp. 34–36; Clancy on Women, 109; Reeves' Domestic Relations (4th Ed.), 1; 2 Kent's Commentaries (11th Ed.), 116.

Says Mr. Bishop: "It is common doctrine, upon which the decisions in all the States of the Union and of England are in harmony, that, on the death of the husband, the wife's choses in action, not reduced by him to possession, survive to her. She takes them, not as his heir, personal representative, or administratrix, but they revert to her in her own right. And we have seen," says the author, "that this doctrine applies as well to the wife's postnuptial choses in action as to her antenuptial ones." Bishop's Married Women, Sec. 171. It is well settled that

torts committed upon a married woman are compre-
hended within the definition of the term choses in
action.    *People* v. *Tioga C. P.*, 19 Wend., 73, 74;
*Berger* v. *Jacobs*, 21 Mich., 215;  *C. B. & O. R.
R. Co.* v. *Dunn*, 52 Ill., 260; 4 Am. Rep., 606;
3 Am. & Eng. Enc. L., title, "Choses in Action."

Says Mr. Reeves, in his work on Domestic Re-
lations, 87: "Although the husband is entitled to all
the property which the wife acquires during cover-
ture, yet, if damages be claimed for an injury to her
person or reputation during coverture, those dam-
ages belong to her, and she must be joined with her
husband in the suit.    When damages for such an
injury are collected, they belong to the husband,
but in case of his death before they are reduced to
possession, they survive to the wife in the same
manner as if the injury had been received before
marriage."

Says Mr. Bishop:  "If she (the wife) is slan-
dered, or an assault and battery is committed upon
her, or any trespass or actionable wrong, she may,
on becoming discovert, sue the wrongdoer the same
as though she had been sole when she received the
injury; though, if the suit is brought in the life-
time of her husband, he must be made a party
plaintiff with her, in consequence of the general
rule of law which places the wife under the protec-
tion of her husband.    When the result of the wrong
becomes money, in the form of damages paid by
the wrongdoer, the wife, though she can receive,

cannot hold it, and the title glides to the husband, making the money his." Married Women, Sec. 705.

So that it is plain, at common law, a married woman had a cause of action against a party who wrongfully enticed away or alienated the affections of her husband, but, by reason of the disability of coverture, that right remained in abeyance, and could not be prosecuted by the *feme covert* in her own name. If the husband died, or there was an absolute divorce, the right of action remained the property of the wife, and might be prosecuted by her as a *feme sole*. *Legg* v. *Legg*, 8 Mass., 89; *Lodge* v. *Hamilton*, 2 So. R., 491; *Posthwaite* v. *Posthwaite* (Ind.), 28 N. E. Rep., 99.

These propositions, however, are controverted by counsel for plaintiff, and authorities are cited to support the contention that a married woman has a right to prosecute such an action without joinder of her husband.

The case of *Foot* v. *Curd*, 58 Conn., 4 (S. C., 6 L. R. A., 829), does broadly hold that a married woman, independently of any statute, may sue for the alienation and loss of her husband's conjugal affection and society, in her own name, and without joining her husband as co-plaintiff, and the decision seems to have been rested upon the ground that the damages belong solely to the wife. But it must be conceded that this case is out of line with the great current of authority, and is not supported by sound legal reasoning. According to the great weight of

authority, the wife can maintain such an action only in jurisdictions where there is an enabling statute. Says Mr. Cooley, in discussing this subject, in his work on Torts: "We see no reason why such an action cannot be supported where, by statute, the wife is allowed to sue 'for personal wrongs suffered by her.'" 227. In *Bennett* v. *Bennett*, 116 N. Y., the wife was permitted to prosecute the action in her own name under the Code of Civil Procedure, which provided that "a married woman appears, prosecutes, or defends, in an action or special proceeding, alone, or joined with other parties, as if she were single."

*Westlake* v. *Westlake*, 34 Ohio St., 691 (S. C., 32 Am. Rep., 397), was an action of slander by the wife in which it was held that the suit might be maintained under a statute of Ohio conferring on the wife "all rights in action" which have "grown out of a violation of any of her personal rights." In *Seaver* v. *Adams*, 19 Atlantic Rep., 776, it was held that under the statute of New Hampshire, enacting that a married woman may sue in all matters in law or equity, for any wrong done her, this action may be maintained. The Court remarked that the only reason why the wife formerly could not maintain an action for the alienation of her husband's affections was the "barbarous common law fiction that her legal existence became suspended during the marriage and became merged into his, which long since ceased to obtain in this jurisdiction.

There remains now no other semblance of a reason, in principle, why such an action may not be maintained here." There is another class of cases which hold that one who entices away a husband is not liable in damages to the wife for the loss of his society and support, either at common law or under a statute giving her a right of action for injury to person or character. Such are the cases of *Duffies* v. *Duffies*, 76 Wis., 374; *Mehrhoff* v. *Mehrhoff*, 76 Fed. Rep., 13; *Roe* v. *Roe*, 82 Me., 503.

There can be no doubt, however, that the great preponderance of authority holds that, at common law, the wife had such a right of action, but was without remedy to assert it, and that it may be prosecuted in all jurisdictions where, by statute, the wife is clothed with the powers of a *feme sole*. It is insisted by counsel for plaintiff that there is such enabling statute in the State of Tennessee, and we are cited to § 4505, Shannon's Code, which provides, viz.: "Where a husband has deserted his family, the wife may prosecute or defend in his name any action which he might have prosecuted or defended; she may also sue and be sued in her own name for any cause of action accruing subsequently to such desertion." At common law a deserted wife has no power to prosecute in her own name such causes of action. It was only in case of absolute divorce or the death of the husband that she could prosecute a right of action accruing to her during the coverture. This statute enables a deserted wife

to prosecute an action, but, under two limitations, to wit: (1) She must prosecute it in his name, if it is an action which he might have prosecuted. This paragraph of the statute bears no relevancy to the present action, since it is not prosecuted in the husband's name; (2) under this statute, her right to sue in her own name is restricted to such causes of action as accrue subsequently to such desertion. The declaration in this case shows that the slanderous words, which, it is alleged, caused the estrangement of the husband and the loss of his consortium, were spoken prior to the desertion.

The case of *Hester* v. *Hester*, 88 Tenn., 270, was a suit by a deserted wife to recover damages from the defendant "for falsely and maliciously attempting to ruin her character, and for separating her and her husband." It appeared in that case that some of the causes of action accrued prior to the desertion and others subsequently thereto. The Court held that, under the statute, the wife was limited to the causes of action accruing subsequently to the desertion, although acts occurring prior thereto might be looked to on the question of damages, if shown to have been a part of the plan alleged in the declaration.

It appearing, therefore, that no cause of action is alleged in the declaration to have occurred subsequently to the desertion, the demurrer was properly sustained, and the judgment is affirmed.