### DUCKWORTH v. APPOSTALIS.

(District Court, E. D. Tennessee, N. D. January 24, 1913.)

No. 1,669.

1. PLEADING (§ 204*)—DEMURRER TO PART OF DECLARATION—COUNT STATING DISTINCT CAUSE OF ACTION.

Under the Tennessee practice a demurrer, if confined to the defective part of the declaration in an action at law, should be sustained.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 486–490; Dec. Dig. § 204.*]

2. INNKEEPERS (§ 10*)—INJURY TO PERSON OF GUEST—ASSAULT BY SERVANT.

An innkeeper, who retains in his employ a servant after knowledge of his violent and quarrelsome character and his disposition to assault guests, is liable to a guest for a wrongful assault made upon him by such servant.

[Ed. Note.—For other cases, see Innkeepers, Cent. Dig. §§ 14–16; Dec. Dig. § 10.*]

At Law. Action by S. L. Duckworth against George A. Appostalis. On demurrer to second count of declaration. Overruled.

This suit was brought by the plaintiff to recover damages for personal injuries alleged to have been received by him while a guest in a restaurant owned and operated by the defendant through an unlawful and unjustifiable assault alleged to have been inflicted on the plaintiff by an agent of the defendant employed in the restaurant for the purpose of waiting upon the guests. The first count of the declaration alleged generally that this assault was committed in the course and within the general scope of the agent's employment, without adequate cause or excuse, and in violation of the defendant's duty as proprietor of the restaurant. The second count further alleged that the defendant's agent who committed the assault upon the plaintiff, was of a violent, uncontrollable and reckless temper, and had previously, without excuse, violently assaulted other guests in the restaurant and shown himself unfit and dangerous to guests; that the defendant knew of the violent and uncontrollable temper of said agent, and knew, or, in effect, should have known, of the previous assaults committed by him upon other guests; and that he was negligent in retaining said agent in his employment. The defendant demurred to so much of the second count as related to the temper, disposition and previous conduct of said agent and the defendant's knowledge thereof, and predicated liability on his alleged negligence in retaining said agent in his employment.

Pickle, Turner & Kennerly, of Knoxville, Tenn., for plaintiff.

Shields, Cates & Mountcastle, of Knoxville, Tenn., for defendant.

SANFORD, District Judge. The defendant demurs to so much of the second count of the declaration as, in effect, predicates liability to

-----

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the plaintiff on the ground of the defendant's alleged prior knowledge of the habits and disposition of his agent and of previous assaults alleged to have been committed by said agent upon other guests.

[1] 1. As these allegations are made as a distinct and separate ground of liability, I am of opinion that if they do not show a cause of action in law, the demurrer will lie to this portion of the declaration. It is true that, generally, if a count of a declaration contains harmless surplusage, as where it is unnecessarily prolix or states frivolous or irrevelant facts, such as unnecessary and particular allegations in the nature of evidence of the ultimate facts, the count will not be vitiated thereby, but such surplusage may be stricken out. Caruthers, History of a Lawsuit (3d Ed.) 111, 112; 5 Enc. Pl. & Pr. 873. This rule is not, however, in my opinion, applicable where the additional facts are alleged as a distinct and substantive cause of action. In such case the rule of practice in Tennessee appears to be that a demurrer, if confined to the defective parts of the declaration, should be sustained. Brooks v. Smith, 1 Shan. Tenn. Cas. 158, citing 1 Chitt. Plead. 663, 664. And see Hester v. Hester, 88 Tenn. 270, 12 S. W. 446, in which it was held that a demurrer going to the whole of a declaration, consisting of one count, which was good as to some distinct grounds of action therein averred but bad as to others, was "therefore too broad" and should be overruled. See also Ewart Mfg. Co. v. Cycle-Chain Co. (C. C.) 91 Fed. 262. This is in direct analogy to the general rule that while a demurrer to an entire bill in equity must fail if any part of the bill is good (Stewart v. Masterson, 131 U. S. 151, 9 Sup. Ct. 682, 33 L. Ed. 114; Phœnix Ins. Co. v. Day, 4 Lea [Tenn.] 247), yet if the demurrer be confined to the part of the bill only which is bad, it should be sustained (Giant Powder Co. v. Powder Works, 98 U. S. 126, 25 L. Ed. 77; Market Street Ry. Co. v. Rowley, 155 U. S. 625, 15 Sup. Ct. 224, 39 L. Ed. 284; Gay v. Skeen, 36 W. Va. 588, 15 S. E. 64; Crowder v. Eldridge, 3 Head [Tenn.] 359, 360).

[2] 2. After careful consideration, however, I am of opinion that the demurrer is not well taken in point of law. I find in the authorities a wide divergence of opinion as to the liability of an innkeeper for the negligent or tortious act of his servant. See, for example, Clancy v. Barker, 71 Neb. 83, 98 N. W. 440, 103 N. W. 446, 69 L. R. A. 642, 115 Am. St. Rep. 559, 8 Ann. Cas. 682, Rahmel v. Lehndorff, 142 Cal. 681, 76 Pac. 659, 65 L. R. A. 88, 100 Am. St. Rep. 154, and Clancy v. Barker (8th Circ.) 131 Fed. 161, 66 C. C. A. 469, 69 L. R. A. 653. There appears to be no case directly in point on the precise question involved in this demurrer, which goes to the liability of the innkeeper to a guest for an assault committed by a servant whom the innkeeper retained in his employ after previous knowledge of violent conduct to his guests. However in Rahmel v. Lehndorff, supra, in which the Supreme Court of California denied liability of an innkeeper for an assault committed upon a guest by a waiter at the table, the court said:

"There is neither allegation nor finding that the defendant was negligent in employing or retaining the waiter who committed the assault."

The obvious inference is that in the opinion of the court the innkeeper would have been liable if he had negligently employed or retained the waiter who committed the assault. And see note to Clancy v. Barker (8th Circ.) supra, 69 L. R. A., at p. 642. Furthermore this conclusion seems to me to follow as a corollary from the undoubted general rule that an innkeeper is under obligation to exercise reasonable care for the safety, comfort and entertainment of his guests. Clancy v. Barker (8th Circ.) supra, at p. 163, and cases cited. So that even if an innkeeper be not ordinarily liable for the tortious act of his servant, a point not now in any way determined, I think that nevertheless he would clearly be liable, if, having knowledge of the violent and quarrelsome character of an employé and of his disposition to assault guests, he should negligently retain such employé in his service, and such employé should, while so retained, wrongfully assault a guest. This conclusion finds direct analogy in the well-settled rule of law that, although a master is not ordinarily responsible to one servant for the negligence of a fellow-servant, yet he is responsible if he had employed or retained such fellow-servant with previous knowledge of his incompetency. Note, 25 L. R. A. 710.

An order will accordingly be entered overruling the demurrer.