# Stewart v. Hagerty, Appellant.

*Trespass—Alienation of husband's affection — Evidence — Acts subsequent to separation—Inadmissible evidence.*

1. In an action brought by a wife against another woman for alienating the affections of plaintiff's husband, evidence tending to show that defendant had improper relations with plaintiff's husband after the separation, is not admissible in the absence of evidence of improper relations prior to the separation.

2. In such an action the burden is upon plaintiff to prove that defendant was the pursuer, not merely the pursued, and that she deliberately influenced plaintiff's husband to withdraw his care, protection, comfort and companionship from plaintiff.

3. Plaintiff offered evidence that, prior to her husband's separation from her, defendant was seen walking and talking with him on the street on several occasions. There was no evidence that improper relations between defendant and plaintiff's husband existed prior to the separation, but there was evidence tending to show the existence of such relations subsequent thereto. The lower court submitted the case to the jury, which found a verdict for plaintiff, upon which judgment was entered. *Held,* (1) that there was no evidence of acts on defendant's part prior to plaintiff's separation from her husband from which the inference could be drawn that defendant was the active cause of the alienation of

plaintiff's husband's affection from his wife, (2) that the evidence of improper relations subsequent to the separation was inadmissible, and could not be considered, and the judgment was reversed and entered for defendant.

Argued Oct. 15, 1915. Appeal, No. 157, Oct. T., 1915, by defendant, from judgment of C. P. Allegheny Co., April T., 1914, No. 530, on verdict for plaintiff, in case of M. S. Stewart v. E. Daisy Hagerty. Before BROWN, C. J., MESTREZAT, POTTER, STEWART and FRAZER, JJ. Reversed.

Trespass to recover damages for the alienation of the affections of plaintiff's husband. Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $15,000.00 and judgment thereon. Defendant appealed.

*Errors assigned* were rulings on evidence, answers to points, the refusal of the court to direct a verdict for defendant and to enter judgment for defendant n. o. v.

*Joseph Stadtfeld,* with him *L. K.* and *S. G. Porter,* for appellant.

*Thomas M. Marshall,* with him *Thomas M. Marshall, Jr.,* for appellee.

OPINION BY MR. JUSTICE POTTER, January 3, 1916:

The defendant in this case was charged with alienating the affections of plaintiff's husband. She denied the charge and alleged that plaintiff's loss in this respect was in no way due to any influence exerted by her. Her counsel contend that there was no evidence in the case tending to show that defendant was responsible for the estrangement between plaintiff and her husband, and they urge that the court below erred in submitting that question to the jury. In her statement of claim, plain-

tiff averred a separation between herself and her husband, but gave no date for its occurrence. However, the undisputed testimony shows that they separated in 1907 or 1908. With a single exception, none of the witnesses called by plaintiff to substantiate her claim testified to anything which occurred prior to 1909. That exception was Miss Katheryn I. White, who testified that in 1905 or 1906 she saw Mr. Stewart and defendant one evening about nine o'clock standing together and talking on a street corner in front of a lighted drug store. She says she saw them upon another occasion about a year later, walking down the street. This was also in the evening. She states that she also saw them on the street once or twice in the day time, but was indefinite as to the dates of these occasions. Defendant, who was called by plaintiff for cross-examination, testified that she first met Mr. Stewart on November 26, 1909, and previous to that date had never seen nor heard of him. There was no evidence whatever of any wrongful intimacy between defendant and plaintiff's husband prior to the separation of the latter from plaintiff, which occurred in 1907 or 1908. The only evidence of the husband's association with defendant prior to that time was, as above stated, that on two or three occasions they were seen standing and conversing and walking together on a public street. This in itself was no evidence of improper relations, nor did it tend to prove the exercise of any allurements on the part of defendant for the purpose of enticing the husband away from his wife. Nor were the facts shown to be connected in any way with the separation that occurred two or three years later. But counsel for the plaintiff contend that evidence as to relations existing between defendant and plaintiff's husband some time after the separation may properly be considered in connection with testimony as to their prior relations, in order to interpret those relations. In support of this contention they cite Sherwood v. Titman, 55 Pa. 77.

That was an action by the husband to recover damages for criminal conversation, and it was held that in such an action, evidence of improper intimacy of defendant with plaintiff's wife before the husband and wife had separated may be supplemented by evidence of similar conduct after the separation. Counsel also cite Keath v. Shiffer, 37 Pa. Superior Ct., 573, 580, in which it was held that, where evidence was offered "as to the conduct of the parties prior to the separation, laying a reasonable ground to infer an improper relation then existing between them,—testimony as to their relations after the separation was admissible in order to render certain the inference to be drawn from their prior conduct." It will be noted that in both these cases, there was evidence of improper relations existing prior to the separation. But in the case at bar, the evidence went no farther than to show that plaintiff's husband, on two or three occasions during a period of two or three years, was seen talking and walking with defendant on a public street. This evidence did not in itself tend to show anything improper, nor did it lay any reasonable ground for any inference of the kind. Therefore, the present case does not fall within the rule invoked, and evidence of the relations existing some time subsequent to the separation was not admissible. Nor is there anything in the fact that the defendant and the husband were seen together on the street which tends to show that defendant was the active agent in bringing about the meeting. In order to sustain this action there must be some evidence from which the conclusion can be drawn that she was the pursuer, and not merely the pursued: Buchanan v. Foster, 23 App. Div. (N. Y.) 542. To the same effect is Whitman v. Ebgert, 27 App. Div. (N. Y.) 374. In view of the admitted fact of a separation between plaintiff and her husband, clear proof was necessary that defendant was the active inducing cause of that separation. The trial judge fully recognized this requirement, for he said to the jury:

"The basis of the wife's claim, however, is that the cause of the separation was the evil influence exerted over her husband by this defendant. That is the basis of her claim, and in order to establish Mrs. Stewart's claim here, you must find from the evidence that this defendant was the cause of the separation; that she was not only the cause of it, but that she was wilfully the cause of it; that she acted deliberately and purposely in exerting the influence over George W. Stewart which caused him to withdraw his care, protection, comfort and companionship from Mrs. Stewart." A very careful examination of all the evidence in the case fails to disclose anything which would measure up to the degree of proof required in this instruction or that would justify an inference that defendant wilfully induced Mr. Stewart to separate from his wife, or that she was the active cause of the alienation of his affections from her. Many and various reasons might have caused the loss by plaintiff of her husband's affections. The burden was upon her to show that the defendant was the active inducing cause of that loss. Clearly she did not show this by any proof which she offered of conduct prior to the separation.

The first, second, fourth and sixth assignments of error are sustained. The judgment is reversed, and is here entered for the defendant.