## Lear v. Bristow.

*Evidence—Criminal conversation subsequent to desertion.*

1. Evidence of criminal conversation occurring after husband and wife have separated is admissible where it is proved that defendant continuously pursued plaintiff's husband for a considerable period of time and under circumstances which might sustain a charge of alienation of affection, and defendant's conduct subsequent to the separation might well lead to the inference that the same conduct existed prior thereto.

2. Where a wife is wrongfully deserted by her husband, she is not precluded from claiming for criminal conversation subsequent to such desertion without showing acts of criminal conversation prior to the desertion.

Trespass for alienation of affections and criminal conversation. Motions for a new trial and for judgment n. o. v. C. P. No. 5, Phila. Co., Dec. T., 1925, No. 7859.

*E. B. Lewis*, for plaintiff; *H . J. Scott*, for defendant.

HENRY, P. J., 52nd judicial district, specially presiding, May 27, 1927.— This action in trespass was for alienation of affections of a husband and for criminal conversation with that husband. The jury returned a verdict in favor of the plaintiff for $3000. The defendant has moved for judgment *non obstante veredicto* and has taken a rule for a new trial.

Lear v. Bristow.

The evidence in this case indicated that the plaintiff and her husband had "separated" on April 2, 1923, but her testimony also indicated that this separation was in fact an abandonment and desertion of his family upon the part of the husband; that, prior to this desertion, the defendant had met the husband on the street, gone with him to a restaurant, was riding with him upon a street-car, and that they were together a number of times; that, upon being confronted with a letter containing a ring, which the plaintiff had found in her husband's pocket, he left the home and failed to return; about two weeks later the plaintiff saw the defendant with the husband in defendant's automobile in front of the church where the husband was leader of the choir; that, prior to the desertion by the husband, the defendant called the husband almost nightly upon the telephone, giving her name, and the voice was identified as that of the defendant from a subsequent hearing of the voice of the defendant by the plaintiff. That during the following year the defendant frequently waited for the husband, with her automobile, outside the church where he was employed, and that they drove away together; and that, on or about Jan. 1, 1926, defendant and the husband were found, both nude, in bed in a room on North Park Avenue, in the City of Philadelphia, at 5 o'clock in the morning.

The statement of the plaintiff claimed for both alienation of affection and for criminal conversation. At the trial, counsel for the defendant objected to evidence of criminal conversation in this case, upon the ground that criminal conversation would not support an action for alienation of affection. This objection was overruled. The defendant now contends, however, that this evidence should not have been admitted, for the reason that, no evidence of criminal conversation having been shown prior to the separation, none can be shown subsequent thereto, under the authority of Stewart v. Hagerty, 251 Pa. 603. That was a case for alienation of affection, and it was held that where the evidence showed only several meetings of the defendant and the husband upon the streets, without anything to suggest wrongful conduct prior to the separation, evidence of criminal conversation subsequent to the separation was improperly admitted. In the instant case, however, there was evidence showing a continuous pursuit of the husband by the defendant covering a considerable period of time and under circumstances which might sustain a charge of alienation of affection; and defendant's conduct subsequent to the separation might well lead to the inference that the same conduct existed prior thereto. Moreover, in this case, criminal conversation was joined with alienation of affections, and the evidence of conduct following the desertion, which was in no way attributable to the plaintiff, was admissible to sustain her charge of illicit sexual intercourse between the defendant and the husband. We do not take the law to be that where the wife is wrongfully deserted by her husband, she is precluded from showing and claiming for criminal conversation subsequent to such desertion without showing acts of criminal conversation prior to the desertion.

The evidence in this case indicated a deliberate, continued and wanton stealing of the affections of the husband of the plaintiff, and we see no reason for disturbing the verdict of the jury.

And now, to wit, May 27, 1927, the motion of defendant for judgment non obstante veredicto is overruled. An exception to this action of the court is hereby noted for the defendant. The rule for a new trial is discharged, and judgment directed to be entered upon the verdict upon payment of the jury fee.