## Hartswick v. McIntyre.

John G. Love, for plaintiff.

S. D. Gettig (John J. Bower with him), for defendant.

FLEMING, P. J., Jan. 26, 1928.—This is an action in trespass for the alienation of the affections of the plaintiff's husband, F. W. Hartswick, by the defendant, Nellie K. McIntyre, and comes before us at this time on an affidavit of defense, filed by virtue of the 20th section of the Practice Act of May 14,

1915, P. L. 483, and raises for our consideration the following questions of law:

1. That the plaintiff's statement does not aver that plaintiff's husband has separated himself from her nor that the acts of the defendant have caused him to separate himself from the plaintiff.

2. That the plaintiff's statement, taken as a whole, does not show a cause of action.

In reviewing the plaintiff's statement, we find that she avers that she is a good, true, faithful and honest woman of good name, fame, credit and esteem among all her neighbors and others to whom she has been known the whole of her life; that she was married on Oct. 24, 1920, to F. W. Hartswick, and that there were born of that marriage three children, the eldest of which is now seven years of age and all of whom are still living; that on or about June 15, 1927, the plaintiff's husband became acquainted with the defendant, Nellie K. McIntyre, who is a married woman; that immediately the plaintiff's husband began neglecting his family, spending his nights away from home and associating himself intimately with the defendant; that plaintiff's husband has stated to the plaintiff that there is no one with whom he has had greater pleasure than with the defendant; that the defendant and the plaintiff's husband spent the night of June 20, 1927, in the company of each other at the home of the defendant, and, further, that they were seen on the afternoon of June 21, 1927, coming out of a certain woods in Ferguson Township, Centre County, Pa., having spent the greater part of two hours there, and that the plaintiff's husband and the defendant have been seen together at divers other times and places, both in the daytime and at night; that the defendant has publicly stated that she could take care of said plaintiff's husband in any event.

Having averred the facts above stated, the plaintiff in her statement further avers, referring to the acts and conduct of the defendant hereinbefore mentioned, that the defendant by such acts contrived and wickedly intended to deprive the plaintiff of the society and affections of her said husband, and also to withdraw from her the support to which she is entitled from her said husband, to hurt her good name and to bring upon herself and her family great scandal and infamy by thoroughly alienating the affections of the plaintiff's husband, depriving her of that support and affections to which she is justly entitled, and avers, further, that she has been thereby deprived of the comfort and society of her husband and has been injured and much hurt in her estate and has also been drawn into great shame, scandal and infamy, and remains much disturbed and disquieted in mind, and that she has suffered great damages.

Counsel for the defendant, in the first reason assigned, complains that the plaintiff's husband has not separated himself from her. From the statement of claim there is no averment to show other than that the plaintiff's husband is still living under the same roof with her. This alone, however, does not prevent the plaintiff from bringing this action against the defendant. When a spouse actually leaves the common domicile, such leaving is an indication of a breach between the parties, but it is not essential for either of the parties to absent himself or herself from the common domicile in order that an action for alienation of affections may be maintained. This is clearly shown by the case particularly cited by counsel for the defendant in this matter, Spuhler v. Harbster, 9 D. & C. 263, wherein the court says: "It is not the loss of the wife's physical presence in the house that alone is to be compensated for; it is the loss of her love, affection, aid, comfort, assistance, all embodied in the term 'consortium.' It might just as well be argued that one who had suffered

the loss of the affections of a wife, unable, by reason of physical disability, to render services, could not recover because one of the elements regarded as with the others making up the whole, which in the law is embodied in the term 'consortium,' was lacking." What is true of a wife is likewise true of a husband. The term "consortium" appears by good authority to consist of the right to the conjugal fellowship of the opposite party and his or her company, co-operation and aid in every conjugal relation. In the instant case, counsel for the defendant objects to the statement of claim filed for the reason that it does not distinctly aver that the plaintiff's husband has separated himself from her. To hold that the statement of claim was insufficient for this reason would be to hold contrary to the accepted thought and meaning of the word "consortium." In the statement we find a number of specific averments indicating that the plaintiff's husband has departed from the path of marital rectitude and that the plaintiff no longer enjoys his love, affection, aid, comfort or assistance in any degree. Whether this departure is due or not to the acts of the defendant, as is also specifically averred in plaintiff's statement, is not our concern at this time. The fact that he remains under the same roof with his wife is not sufficient in itself to render the statement void.

The case cited by counsel for the defendant, Spuhler v. Harbster, supra, offers sufficient authorities to show beyond any doubt that this plaintiff may maintain an action against the defendant for the mere wrongful alienation of her husband's affections, although he has not been enticed away, and that an alienation of a husband's affections for which the law gives redress may be accomplished notwithstanding his continued residence under the same roof with the wife, the reason being that the injury consists in the alienation of the husband's affections, with malice or improper motives and the debauchery and the elopement when they occur, are only the immediate consequences of the wrong: 13 Ruling Case Law, 1467-1468, paragraph 517; Foot v. Card, 58 Conn. 1; 18 Atl. Repr. 1027; 6 Annotated Cases, 663.

It is contended, further, for the defendant that the statement does not show that the acts of the defendant have caused plaintiff's husband to separate himself from plaintiff. This is not required, as has just been shown. The plaintiff avers that the defendant, by the acts averred and imputed to the defendant, has "contrived and wickedly intended to deprive the plaintiff of the society and affections of her said husband . . . to hurt her good name, and to bring upon herself and family great scandal and infamy by thoroughly alienating the affections of the plaintiff's husband. . . ." This is certainly a specific averment of the tortious act sufficient to support the statement.

The case of Stewart v. Hagerty, 251 Pa. 603, cited by counsel for the defendant in an attempt to indicate that plaintiff's statement does not show that the defendant was the pursuer of the husband and to raise the inference that the plaintiff's husband, of his own volition, or from some cause other than the act of the defendant, has brought about the condition existing between the plaintiff and her husband, does not appear to be a ruling case upon the question of the sufficiency of the plaintiff's statement. This case is concerned only with the sufficiency of evidence offered to prove the plaintiff's allegation.

It has been held in Cauldwell v. Neilson, 2 D. & C. 749, that in an action to recover damages for the alienation of the affections of one's spouse, it is unnecessary to recite the acts which induced or resulted in the alienation. It has been further said that such a recital would be contrary to section 5 of the Practice Act of May 14, 1915, in that it would require the introduction of

matters of evidence into the statement and bring about the averment of conclusions of law. This court in the case of Young *v.* Baum, 36 Pa. C. C. Reps. 318, decided before the passage of the Practice Act of 1915, held that when a statement in an action of trespass for the alienation of a wife's affections did not sufficiently and properly fix the times and places of the alleged tortious acts, the defendant was entitled to a bill of particulars as to such matters, but stated that it "would not require the plaintiff to fix the exact hour and even the exact calendar day or days," but sought only a statement sufficient to enable the defendant to properly know in advance what the charges would be as to the alleged tortious acts and to give the defendant an opportunity to prepare his defense, should there be any.

In this statement the plaintiff has specifically averred certain things which, to the mind of the court, are much beyond the limits of ordinary social amenities, and she has also specifically averred that this defendant, by reason of the acts mentioned, has alienated the affections of her husband. There is a sufficient degree of certainty in the averments of the plaintiff's statement to enable the defendant to prepare an affidavit of defense and to offer a defense to the general charge, should she have any.

The variance in date set forth in paragraph 9 of the plaintiff's statement, wherein it was alleged that the defendant and plaintiff's husband were seen on the afternoon of June 21, 1921, coming out of a certain woods, is so plainly a typographical error (and was so indicated by counsel for the plaintiff upon the argument of this case), as to warrant immediate amendment so that the said date shall read June 21, 1927, and such amendment is accordingly allowed.

And now, to wit, Jan. 26, 1928, the questions of law raised by the affidavit of defense are decided against the defendant and the defendant is directed to file an affidavit of defense to the averments of fact contained in plaintiff's statement within fifteen days from this date.

From S. D. Gettig, Bellefonte, Pa.