WILSON *v.* BRYANT.

(*Nashville,* December Term, 1933.)

Opinion filed January 16, 1934.

LYNCH, BACHMAN, PHILLIPS & LYNCH, of Chattanooga, for appellant.

ESTILL & MORGAN, of Chattanooga, for appellee.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was brought by Mrs. Bryant for the alienation of her husband's affections by Mrs. Wilson. There was a judgment in favor of the plaintiff below for $18,000. Defendant below appealed in error to the Court of Appeals, and the judgment of the trial court was there affirmed. We granted a petition for *certiorari*, and the case has been fully argued here.

After the institution of the suit an ancillary attachment was sued out by the plaintiff and levied on a Marmon automobile and $700 in bank, the property of the defendant. The ground of the attachment was that defendant was fraudulently disposing of, or was about to fraudulently dispose of, her property, and that defendant had absconded and was absconding and concealing herself and her property. Defendant pleaded in abatement to the attachment, denying the charges of the affidavit upon which that writ issued, and she pleaded not guilty to the charges of the declaration. The issues arising upon these pleas were both submitted to the jury at the same time, and both issues found for the plaintiff.

It is first urged that there was no evidence to sustain the verdict of the jury on the plea in abatement. This

contention is not well made. The defendant called on one of the attorneys for plaintiff, shortly after the suit was brought, told that attorney that he might as well dismiss the suit, that she was going to dispose of everything she had and leave Chattanooga, and that, if Mrs. Bryant was successful in the suit, she would not get anything ".because there would be nothing to get." The testimony of the attorney to this effect is not contradicted, and we think it sufficiently shows that the defendant was concealing her property. This is enough to sustain the attachment. *Boyd* v. *Buckingham & Co.,* 29 Tenn. (10 Humph.), 434.

After the attachment was levied on the automobile, the defendant replevied the same. Instead of executing the statutory bond, the defendant entered into a written agreement with plaintiff that the automobile should be released, and that, in the event plaintiff was successful in the suit and the writ of attachment sustained, defendant and J. J. Lynch, her surety, would pay the value of the automobile, not to exceed the sum of $2,000.

Under section 9460 of the Code a defendant in an attachment suit may replevy the property seized by giving a bond in double the amount of the plaintiff's demand, or the defendant may, at his option, give bond in double the value of the property attached. The bond is "conditioned to pay the debt, interest, and costs, or the value of the property attached, with interest, as the case may be, in the event he shall be cast in the suit."

The written agreement entered into between the parties, while informal in character, will be treated as a bond conditioned to pay the value of the property attached. *Kuhn* v. *Spellacy,* 71 Tenn. (3 Lea), 278; *Ward* v. *Kent,* 74 Tenn. (6 Lea), 128.

■■ As heretofore stated, the trial judge submitted to the jury the issues both on the plea in abatement and the plea of not guilty. The jury found "all issues" for the plaintiff, but in returning their verdict did not fix the value of the car, although that was an issue arising upon the plea in abatement and proof was introduced thereupon. The trial judge himself fixed the value of the car at $2,000 in rendering judgment.

This action of the court below is justly challenged. Considering chapter 121 of the Acts of 1897 (Code, sections 8755, 8756), authorizing a defendant to plead both in abatement and in bar at the same time, in *Railroad* v. *McCollum*, 105 Tenn., 623, 59 S. W., 136, 137, the court said: "The act contemplated there should be a verdict on both pleas, even though the plea in abatement, which should be first considered and acted upon, were determined in favor of the defendant." And again: "When the case is tried by a jury, the jury should, therefore, be instructed to find the issue on the plea in abatement, and, though they should find that plea in favor of the defendant, they should nevertheless find on the plea to the merits, and report."

The plaintiff demanded a jury in her first pleading tendering an issue. The case thereby became a jury case and went on the jury docket. All issues of fact arising in the case thereupon became questions for the determination of the jury. Code, sections 8734, 8736.

■ Error is also assigned upon the action of the court below in excluding the testimony of an automobile dealer as to the value of the car attached, and this assignment of error must be sustained. The dealer had not examined this particular car, but was familiar with the value of secondhand automobiles in the Chattanooga market. The

trial judge ruled out his testimony, being of opinion that evidence as to the value must come from one who was acquainted with this identical machine. A question was submitted to this witness describing the car generally, giving its make, the date of its purchase, and assuming that it had been subjected to average use, and the witness was asked to estimate its value. We think the answer to this question should have gone to the jury.

█ A witness who is familiar with the value of property of the same character, although he has never seen the property in question, is competent as an expert witness on such value. Jones' Commentary in the Law of Evidence (2 Ed.), vol. 3, p. 2492; Huddy's Encyclopædia of Automobile Laws (9 Ed.), vols. 17-18, pp. 550, 551. This rule is recognized in *Union Traction Co.* v. *Anderson*, 146 Tenn., 476, 242 S. W., 876, 25 A. L. R., 1496, the testimony of the witness, however, in that case being excluded on the ground that he had not qualified as an expert.

█ It is said on behalf of plaintiff that there was no error in the exclusion of the expert testimony because it is contended that the list price of the new automobile was not correctly stated in the hypothetical question. There was some confusion in the testimony as to the list price of the defendant's car, because the plaintiff's witnesses were at first not certain as to its particular type or series. But the expert witness tendered undertook only to give the percentage depreciation in the value of the car incident to its use. Hence his answer was competent whatever the jury may have found the list price of the machine to have been.

This brings us to the merits of the case. It is unnecessary to review the evidence in detail. There seems to be

no doubt but that the husband of the plaintiff and the defendant became involved in a liaison, and that the husband neglected, mistreated, and largely abandoned his wife and family. According to the plaintiff's own testimony, however, her husband had, before meeting the defendant, been a man of errant fancies and had become more or less involved with other women. It was the theory of defendant below that the husband was the pursuer in the beginning of his affair with defendant. She was older than he, and it is urged that he paid court to her to obtain her money, and undoubtedly he did get considerable sums of money from the defendant.

 The weight of authority is that in alienation suits the plaintiff must establish that the defendant is the enticer—the active or aggressive party. If it develops that the plaintiff's spouse was merely bent on the gratification of lust, was not particular in the choice of a guilty partner, plaintiff's case is not made out. Likewise we think plaintiff's case would fail if it should appear that for any other reason the plaintiff's spouse was the pursuer rather than the pursued. *Scott* v. *O'Brien,* 129 Ky., 1, 110 S. W., 260, 16 L. R. A. (N. S.), 742, 130 Am. St. Rep., 419; *Waldron* v. *Waldron* (C. C.), 45 F., 315; *Buchanan* v. *Foster,* 23 App. Div., 542, 48 N. Y. S., 732; *Stewart* v. *Hagerty,* 251 Pa., 603, 96 A., 1099, Ann. Cas., 1917D, 483; 30 C. J., 1125; 13 R. C. L., 1464. Decisions to the contrary are *Hart* v. *Knapp,* 76 Conn., 135, 55 A., 1021, 100 Am. St. Rep., 989; *Miller* v. *Pearce,* 86 Vt., 322, 85 A. 620, 43 L. R. A. (N. S.), 332.

We think the majority rule is the better one, and are of opinion that the court below should have given in charge defendant's requests embodying such rule. There was something of this kind in the charge, but the matter was

not made particularly clear, and the request of the defendant was timely.

On the trial the plaintiff undertook to detail conversations between herself and her husband, in which she attributed statements to him tending to show that the defendant was guilty as charged in the declaration. Objection was made to this testimony, but the trial judge ruled that it was competent to show the state of the defendant's mind. The court was requested to instruct the jury that the statements of plaintiff's husband, made out of defendant's presence, were only admissible to show the state of her husband's mind, the state of his affections—that his affections had been alienated—but not as substantive evidence of the defendant's guilt. The request undoubtedly embodied a correct statement of the law (30 C. J., 1139, 13 R. C. L., 1476), and should have been given in charge.

It is further assigned for error that the court below refused to instruct the jury that plaintiff's case could be made out by circumstantial evidence only if the circumstances were so strong as to exclude every reasonable hypothesis other than that of defendant's guilt. There was no error in declining this request. This is a civil case, and such case is made out by a preponderance of the evidence, whether the evidence be circumstantial or direct. Jones' Commentary on Law of Evidence (2 Ed.), vol. 1, p. 23; Greenleaf on Evidence, section 29.

Other assignments of error are overruled.

For the reasons stated, the judgment of the Court of Appeals is reversed, and this case remanded to the circuit court of Hamilton county for another trial.

Note.—Although formerly the wife could not have maintained a suit of this nature based on a cause of action occurring prior to desertion, *Smith* v. *Smith,* 98 Tenn., 101, 38 S. W., 439, 60 Am. St. Rep., 838, *Hester* v. *Hester,* 88 Tenn., 270, 12 S. W., 446, it is conceded that this disability is removed by Code, section 8460.