FOSTER v. COPELAND, No. 7.—159 S. W. (2d) 96.*

Eastern Section. December 6, 1941.

Petition for Certiorari denied by Supreme Court, February 7, 1942.

*This opinion should have appeared in Volume 26 but was inadvertently omitted.

George S. Child, of Knoxville, for plaintiff in error.

A. J. Graves and S. E. Hodges, both of Knoxville, for defendant in error.

McAMIS, J.  This suit was brought by Luther Copeland against Dr. Lee Foster to recover damages for the alienation of the affections of plaintiff's wife.  The case was tried before a jury and, at the conclusion of all the evidence, defendant moved the court for a directed verdict.  This motion was overruled and the jury returned a verdict for $250.  Defendant later filed a motion for a new trial which was overruled and he has prosecuted an appeal in error to this court, assigning, as the principal ground for reversal, the action of the court in overruling his motion for a directed verdict.

Errors are also assigned upon the action of the court in refusing to charge a special request tendered by defendant and the refusal of the court to grant defendant a new trial upon the ground of misconduct of the jury during its deliberations.  We consider first defendant's insistence that there is no evidence to support a verdict and that the court erred in refusing to take the case from the jury.

Plaintiff and his wife, the former Orsa Hill, were married in the year 1925.  On October 9, 1937 Mrs. Copeland left the home of plaintiff and filed suit for divorce in the Domestic Relations Court.  In that suit she sought a decree of absolute divorce upon the ground of cruel and inhuman treatment and the custody of their two children.  After a hearing that suit was dismissed and shortly thereafter Mrs. Copeland returned with the two

children to plaintiff's home where she lived until the separation involved in this case. The latter separation occurred during September, 1939 and was followed by the filing of a second divorce suit on October 2, 1939. The ground of this action was also cruel and inhuman treatment.

██ While plaintiff's testimony tends to show a reasonably happy relationship between himself and his wife until a short time prior to the filing of the second divorce action, the cross-bill filed in that suit charges the cross-defendant with illtreatment and abuse culminating finally in acts of physical indignities to his person and running back to the time of their attempted reconciliation in the year 1937 following the first suit for divorce. The wife testified in behalf of the defendant in this case (whom she has since married) that plaintiff by his illtreatment and abusive conduct destroyed any affection which she had for him long prior to the final separation in September, 1939. However, such misconduct was substantially denied by plaintiff and, as the trial court charged the jury, there is a legal presumption of affection between husband and wife which can only be overcome by proof. Thus a jury question was presented upon the issue of whether or not plaintiff lost the affections of his wife prior to the alleged acts on the part of defendant which are made the basis of the present action.

██ However, plaintiff is entitled to recover only in event he is able to establish, by direct or circumstantial evidence, that he lost the affections of his wife because of the active or aggressive misconduct of the defendant which became the inducing cause of any alleged loss or alienation of affections. If it appears that plaintiff's spouse was the pursuer rather than the pursued, plain-

tiff's case must fail. See Wilson v. Bryant, 167 Tenn. 107, 113, 67 S. W. (2d) 133, and the cases there cited.

■ Upon this issue statements of plaintiff's spouse, though made out of the presence of defendant, showing her state of mind and indicating a loss of affection are admissible only to show loss of affections and not as substantive evidence of defendant's wrongdoing. Wilson v. Bryant, supra.

■ ■ In this case evidence introduced in behalf of plaintiff tended to show that plaintiff's wife, prior to the separation, had developed an affection for the defendant. Under the rule stated, supra, this was not substantive evidence of defendant's guilt. Other evidence was to the effect that plaintiff's wife stated, prior to the separation, that she was sending letters to defendant and receiving letters from him. Objections to such statements made out of the presence of defendant were properly sustained as hearsay. 27 Am. Jur. 165, Section 562. Such statements are only admissible for the purpose of showing the state of the affections of plaintiff's spouse and are not admissible upon the substantive issue of defendant's wrongful conduct.

The proof shows that defendant, for many years, has been the family physician of plaintiff and his family and, aside from professional contacts, there is no proof of any association between plaintiff's wife and the defendant until after the separation and, in fact, until after the decree of divorce was granted. However, it appears that after Mrs. Copeland obtained a divorce but within thirty days after the decree was rendered plaintiff filed a petition to rehear charging misconduct between Mrs. Copeland and the defendant. Thereafter, on one or two occasions, defendant and plaintiff's former wife were

seen talking together on the street or in a cafe. These meetings are explained as being the result of the charges contained in plaintiff's petition to rehear.

■ Even if unexplained, the mere fact that after a decree for divorce had been granted defendant was seen talking with plaintiff's former wife, unless supported by other circumstances of an incriminating nature, would not be sufficient to support a verdict.

"Evidence that the plaintiff's spouse and the defendant were seen conversing and walking together on a public street is in itself no evidence of improper relations between them, and it does not tend to prove the exercise of any allurement to entice such spouse away, and such evidence is without probative force where there is no evidence of any connection between such facts and the subsequent separation of the spouses." 27 Am. Jur. 170. Supporting cases cited in the footnote, are Stewart v. Hagerty, 251 Pa. 603, 96 A. 1099, Ann. Cas. 1917D, 483, and Wilson v. Bryant, 167 Tenn. 107, 67 S. W. (2d) 133, cited supra.

■ Defendant's former wife testified that she found a picture in defendant's office which she thought was a picture of Mrs. Copeland. The picture, however, was not produced and defendant denied any knowlege of it being in his office. If it be inferred that the picture was evidence of some affection on the part of defendant it is still not evidence that he was the aggressor and guilty of enticing plaintiff's wife into an affair which resulted in the loss of her affections toward plaintiff.

All of the evidence indicates the contrary hypothesis. One of plaintiff's witnesses testified that when defendant passed along the street and failed to look toward plaintiff's home Mrs. Copeland manifested great disappoint-

ment and on this or another similar occasion stated that she would go out and speak to defendant if she "got killed for it". On another occasion, according to the undisputed proof, she suggested to defendant that she would like to move into his home as his housekeeper. These circumstances which are in reality the only ones reflecting directly upon the question of whether or not defendant was guilty of any active or aggressive misconduct, tend to show rather convincingly that he was not the pursuer.

■ The proof shows that defendant sustains a good character and reputation and, after careful consideration, we have concluded that the evidence is altogether insufficient to sustain a charge involving moral turpitude and that defendant's motion for peremptory instructions made at the conclusion of all the evidence should have been sustained. The assignment complaining of the action of the court in declining to grant defendant's motion for a directed verdict will, accordingly, be sustained.

The other assignments have been considered and found without merit. They will all be overruled without specific comment.

It results that the judgment below must be reversed, as on motion for a directed verdict, and the suit dismissed, with costs.

Portrum and Ailor, JJ., concur.