[No. 31496.  Department One.  October 30, 1950.]

ARNOLD G. BERNIER, *Appellant,* v. STEVE KOCHOPULOS, *Respondent.*[1]

*Fred M. Bond,* for appellant.

*Russell F. Stark,* for respondent.

HILL, J.—The question presented is whether the plaintiff's evidence was sufficient to establish a *prima facie* case

[1]Reported in 223 P. (2d) 205.

against the defendant on two causes of action, the first for alienation of affections and the other for criminal conversation. The trial court dismissed both causes of action at the conclusion of the plaintiff's case and entered an order of dismissal, from which order this appeal is taken. Since the sole issue before us is the sufficiency of the evidence, and since we disagree with the trial court on one phase of the case, the material evidence must be set forth in full.

The appellant's evidence established that he was married on December 4, 1948; that his wife left him on January 27, 1950, and did not return; that respondent knew appellant and his wife and knew that they were married; that on February 2, 1950, at about 4:30 or 5:00 p. m., appellant saw his wife enter the building in which the respondent had an apartment; that, between 8:00 and 8:30 p. m., he heard his wife and the respondent talking in the respondent's apartment; that he then went for police assistance but, not obtaining any, returned between 9:00 and 9:30 p. m. to the hall outside of respondent's apartment; that he heard his wife tell respondent that she "could not stand sex every night"; that he put his shoulder to the door of the apartment and pushed it in. We will use quotations from appellant's direct and cross-examination as to what he saw and heard in the respondent's apartment:

"A. I saw my wife bare from the belly—from her stomach down and Steve was backing out towards the door, with his pants in his hand. . . . Q. You say your wife was bare from the waist down? A. Yes. Q. Where was she? A. On the bed. Q. Lying down? A. Lying down. Q. Did you see the rest of her anatomy? A. She had a skirt, the skirt was pulled clear to her knees. Q. Was there anything said by your wife that you remember? A. When I went in there my wife said: 'My God there is my husband, he will kill you.' Q. What did Steve say? . . . A. Oh: what is the matter, what is the matter? . . .

"Q. Where was Steve standing when you went in? A. There is a kind of a narrow kitchen, some kind of an apartment there and then there is another little room on the other side; there is a bed right there, and he was right between the door and part way through. . . . Q. Did you notice the telephone? A. Yes. Q. Where was he

standing relative to the telephone? A. Right alongside of the telephone; there is a doorway in between; the telephone stood here (indicating) and the doorway right here; he was backing up with his pants in his hand trying to get his arms into the suspenders. Q. You mean he had his overalls down? A. Repeat that. Q. He had on a pair of pants and overalls over them? A. Yes sir he was trying to get his arms into the suspenders of both of them."

The evidence as to damages may be epitomized in a statement by the appellant:

"If you want to know how it affected me; I think I have almost been nuts since this thing happened. I can't sleep. I cannot do my work right. I am not satisfied."

■ The action for alienation of affections was properly dismissed. The evidence shows no effort on the part of respondent to alienate the wife's affections; there is no evidence of wrongful conduct on his part until she went to his apartment. The evidence would warrant the inference that she was the pursuer rather than the pursued. Assuming that there was affection to be alienated, there was complete failure of proof that the respondent caused or aided in causing such alienation, and the appellant therefore failed to prove one of the essential elements of his case. *Kenworthy v. Richmond,* 95 Wash. 407, 163 Pac. 924; *Wilson v. Bryant,* 167 Tenn. 107, 67 S. W. (2d) 133; *Foster v. Copeland,* 27 Tenn. App. 777, 159 S. W. (2d) 96; 42 C. J. S. 321, Husband and Wife, §§ 669, 670. The case of *Misson v. Grossman,* 329 Pa. 151, 196 Atl. 494, is squarely in point on the proposition that proof of adultery alone does not warrant recovery for alienation of affections.

■ On the cause of action for criminal conversation, it is immaterial who was the pursuer and who the pursued. If the respondent and appellant's wife engaged in an act of sexual intercourse, there is a cause of action against the respondent. *Lankford v. Tombari,* 35 Wn. (2d) 412, 213 P. (2d) 627; 42 C. J. S. 352, Husband and Wife, § 698.

■ Respondent concedes this to be the law and urges that an act of intercourse was not established by the evidence. It is true that no one witnessed such an act; how-

ever, the circumstantial evidence is such that we are agreed that, uncontroverted and undenied as appellant's testimony was when the order of dismissal was entered, it was sufficient to establish a *prima facie* case of criminal conversation. The respondent's testimony may either deny the existence of the circumstances testified to by the appellant or present an explanation of them that is entirely consistent with innocence of any wrongdoing. The question would then be whether the appellant had, by a fair preponderance of the evidence, established the essential element of an act of intercourse. We merely hold that the circumstances testified to by the appellant, undenied and uncontroverted in any way, are *prima facie* evidence of such an act.

The judgment of dismissal of the cause of action for alienation of affections is affirmed; the judgment of dismissal of the cause of action for criminal conversation is reversed and the cause remanded for a new trial.

SIMPSON, C. J., BEALS, GRADY, and DONWORTH, JJ., concur.